AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**FILED**

# UNITED STATES DISTRICT COURT
for the

JUN 0 2 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

DENNIS CAPPS
_____
Petitioner

v.

Ciolli   USP ATWATER (Warden)
_____
Respondent
*(name of warden or authorized person having custody of petitioner)*

Case No. 1:20 CV00766 SAB (HC)
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Dennis Roy Capps
   (b) Other names you have used: _____

2. Place of confinement:
   (a) Name of institution: United States Penitentiary, Atwater
   (b) Address: P.O. Box 019001
       Atwater, CA 95301
   (c) Your identification number: 39049-044

3. Are you currently being held on orders by:
   ☑ Federal authorities    ☐ State authorities    ☐ Other - explain:
   _____

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: U.S. District Court, Eastern District of Missouri
   (b) Docket number of criminal case: 1:11-CR-00108-AGF
   (c) Date of sentencing: X 1-22-13
   ☐ Being held on an immigration charge
   ☐ Other *(explain):*
   _____
   _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

**RECEIVED**

JUN 02 2020

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    ☐ Pretrial detention
    ☐ Immigration detention
    ☐ Detainer
    ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
       maximum or improperly calculated under the sentencing guidelines)
    ☐ Disciplinary proceedings
    ☐ Other *(explain)*:

6.    Provide more information about the decision or action you are challenging:
     (a) Name and location of the agency or court: U.S. District Court, Eastern District of Missouri
     (b) Docket number, case number, or opinion number: 1:11-CR-00108-AGF
     (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
    Mandatory Enhancement pursuant to 21 U.S.C. §851 that resulted in a Life Imprisonment

     (d) Date of the decision or action: May 30, 2012

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
    Did you appeal the decision, file a grievance, or seek an administrative remedy?
    ☐ Yes     ☑ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court:
        (2) Date of filing:
        (3) Docket number, case number, or opinion number:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

    (b) If you answered "No," explain why you did not appeal: The claim wasn't ripe for litigation prior because Descamps & Mathis was unavailable during direct appeal, and the Ninth Circuit just ruled in Allen v. Ives that an enhancement can be raised as actual innocence under the savings clause

8. **Second appeal**
    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    ☐ Yes            ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court: _____

_____

    (2)  Date of filing: _____

    (3)  Docket number, case number, or opinion number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

_____

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.      **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes                    ☐ No

(a)  If "Yes," provide:

    (1)  Name of the authority, agency, or court: _____

_____

    (2)  Date of filing: _____

    (3)  Docket number, case number, or opinion number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

_____

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not file a third appeal: _____

_____

10.     **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes                    ☐ No

If "Yes," answer the following:

(a)      Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☑ Yes                    ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: U.S. District Court, Eastern District of Missouri
(2) Case number: 1:14-CV 00144-AGF
(3) Date of filing: _____
(4) Result: ~~Still Pending~~ Denied
(5) Date of result: March 15, 2018
(6) Issues raised: Ineffective Assistance for failing to convey plea offer, and Ineffective Assistance of Trial Counsel for failing to handle effectively a pretrial motion to suppress.

_____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes          ☑ No
If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: I am actually innocent of the §851 enhancement that increased my sentence to mandatory life imprisonment based on prior drug offenses not categorically qualified in light of Descamps, Mathis, and 21 USC §802(44). Neither did I have an unobstructed procedural shot to bring this claim earlier, during my direct appeal or the one-year AEDPA period for my first §2255, because Mathis and Allen v Ives was unavailable. The claim was not yet ripe for litigation until recently.

11.   **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes          ☑ No
If "Yes," provide:
(a)   Date you were taken into immigration custody: _____
(b)   Date of the removal or reinstatement order: _____
(c)   Did you file an appeal with the Board of Immigration Appeals?
      ☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d)    Did you appeal the decision to the United States Court of Appeals?
☐ Yes          ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12.    **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☑ Yes          ☐ No
If "Yes," provide:
(a) Kind of petition, motion, or application: Motion for Compassionate Release under First Step Act
(b) Name of the authority, agency, or court: U.S. District Court, Eastern District of Missouri
(c) Date of filing: December , 2019
(d) Docket number, case number, or opinion number: 1:11-CR-00108-AGF
(e) Result: Still Pending
(f) Date of result:
(g) Issues raised: The First Step Act amended Section 841/851 enhancement provision in Section 401 of the Act, which creates an "extraordinary and compelling reason" for relief from the mandatory life sentence.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Grounds for Your Challenge in This Petition**

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: Copas prior Missouri Drug Convictions are not qualifying predicates for § 851 Enhancement under Mathis and Descamps categorical analysis

(a)  Supporting facts (Be brief.  Do not cite cases or law.):
The two prior Missouri drug convictions that were used to seek the mandatory life enhancement pursuant to 21 USC § 851 are not qualified predicates in light of Mathis and Descamps because their elements sweeps more broadly than the definition of "felony drug offense" in 21 U.S.C. § 802 (44). See Memorandum of Points/Authority in support.

(b)  Did you present Ground One in all appeals that were available to you?
☐ Yes          ☑ No

GROUND TWO: Mathis and Descamps retroactively established that, under the categorical approach, Copas' Missouri convictions are not qualified felony drug offenses, under § 802 (44). See Memorandum of Points and Authority in support.

(a)  Supporting facts (Be brief.  Do not cite cases or law.):
Section 802 (44) defines a felony drug offense that is required for the § 851 enhancement. However, under Mathis and Descamps retroactive application, the Government is limited to the class of persons it can seek to enhance for felony drug offenses.

(b)  Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☑ No

GROUND THREE: Copas did not have an unobstructed procedural shot at presenting his claim

(a)  Supporting facts (Be brief.  Do not cite cases or law.):
This claim did not arise until after Copas exhausted his direct appeal and 2255 Motion, because Mathis was unavailable. Likewise, the Ninth Circuit just ruled in Allen v Ives, that a prisoner can now invoke the savings clause in this Circuit for a claim of actual innocence for an unlawful or unconstitutional sentencing enhancement

(b)  Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Capps is Actually Innocent of Section 841 and 851 Mandatory "Life" Sentence Enhancement. See Memorandum of Points and Authorities in Support.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

The 841/851 Enhancement is illegal and invalid because it relies on two prior Missouri convictions that, under the categorical analysis, Descamps, and Mathis, these convictions are not qualified predicates. Both convictions sweeps broader that the federal definition of felony drug offense in § 802 (44). Thus, Capps is actually innocent of the enhancement.

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes   ☑ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

The case laws relied on in this motion, were unavailable during direct appeal and time for the first § 2255. Moreover, the Ninth Circuit just authorize prisoners to invoke the savings clause to raise a challenge 3 actual innocent claim for a sentencing enhancement

**Request for Relief**

15. State exactly what you want the court to do:

Vacate the Life sentence and enter an order for resentencing in absence of the § 851 enhancement.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: *5-28-20*

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: *5-28-20*

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

Dennis Capps
USP Atwater
P.O. Box 019001
Atwater CA 95301

Case No. _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

_____

DENNIS CAPPS

Petitioner

-vs-

WARDEN CIOLLI

Respondent

_____

Crim. No. 1:11-CR-00108-AGF

U.S. District Court

Eastern District of Missouri

_____

MEMORANDUM OF LAW IN SUPPORT OF

PETITION PURSUANT TO 28 U.S.C. § 2241

Dennis Capps

Reg. No. 39049-044

U.S. Penitentiary

P.O. Box 019001

Atwater, CA 95301

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

DENNIS CAPPS,

          Petitioner,

        vs.

WARDEN CIOLLI, USP ATWATER,

          Respondent.

Case No. 1:11-CR-00108-AGF

MEMORANDUM OF POINTS AND

AUTHORITY IN SUPPORT OF

MOTION UNDER 28 USC § 2241

---

COMES NOW, Dennis Capps (hereafter "Capps"), and respectfully moves this Court to enter an Order to vacate his Life sentence under the Savings Clause, on the grounds that he's actually innocent of his mandatory life enhancement pursuant to §§ 841 and 851. Capps request that this court construe his pleading liberally because he is not represented by an attorney. Haines v. Kerner, 404 U.S. 519, 520-21 (1927). If the court finds Capps' petition reasonably can be read to state a valid claim on which he can prevail, the court should do so despite any failure to cite proper legal authority, his poor syntax, and sentence construction, or his unfamiliarity with pleading requirements.

A.  History of Case

Capps was charged in a single count indictment for

1

possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A). Prior to trial, the United States filed  notice of its intent to seek the statutory enhanced sentence which increased the statutory minimum penalty from 10 years to a mandatory life sentence. Capps was convicted after trial and sentenced to life imprisonment. The judgment was affirmed on direct appeal by the Court of Appeals for the Eight Circuit. United States v. Capps, _____ (8th Cir. 2007)(unpublished). A writ of certiorari was filed, and denied. Capps filed a habeas petition pursuant to 28 U.S.C. § 2255, which is currently pending before the district court.


B.    Summary of Argument


Capps contends that he is actually innocent of the enhancement that rested on unqualified predicates. Capps also contends that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test his claim of actual innocence, and the district court may therefore entertain his § 2241 petition in light of Mathis v. United States, 136 S. Ct. 2243 (2016), Descamps v. United States, 570 U.S. 254 (2013), and Ninth Circuit recent precedent, Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020).


C.    Standard of Review


As a general rule, "motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the

legality of his detention[.]" Stephens, 464 F.3d at 897
(internal citations omitted). An exception to the general
rule, termed the § 2255(e) "escape hatch," permits a federal
prisoner to "file a habeas corpus petition pursuant to § 2241
to contest the legality of a sentence where his remedy under §
2255 is 'inadequate or ineffective to test the legality of his
detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th
Cir. 2000)(quoting § 2255(e)).

The Ninth Circuit has held that a remedy under § 2255 is
inadequate where "the prisoner '(1) makes a claim of actual
innocence, and (2) has not had an unobstructed procedural shot
at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190,
1192 (9th Cir. 2012)(quoting Stephens v. Herrera, 464 F.3d at
898). And just recently, on February 24, 2020, the Ninth
Circuit held that a person may be "actually innocent" of an
erroneous mandatory career offender sentence, opening the door
for relief under the savings clause. See Allen v. Ives, 950
F.3d 1184 (9th Cir. 2020).


                        Grounds for Relief


    I. Capps' Prior Missouri Drug Convictions are not
       Qualifying Predicates for § 851's Enhancement
       Under Mathis and Descamps Categorical Analysis


    Prior to trial, the Government filed two prior drug
felony notices against Capps. The Government used Capps' two
prior Missouri Revised Statutes convictions (hereafter,
referred to as "RSMo"), in Case No. 42R100100201-02, and Case

No. 01CR834149-02. The United States took the position that these two prior convictions qualified as "felony drug offenses" under 21 U.S.C. 841(b)(1)(A).

The Ninth Circuit applies a three-step analysis to determine whether a prior conviction under state law qualifies as a predicate drug trafficking offense under the federal sentencing guidelines. The first inquiry is whether the state law is a categorical match with a federal drug trafficking offense. See Taylor v. United States, 495 U.S. 575, 599-600, 109 L. Ed. 2d 607 (1990). In this instance, the state offenses at hand are RSMo §§ 195.202 and 195.211. At this step, the courts look only to the "statutory definitions" of the corresponding offense. Id. at 600. If a state law "proscribes the same amount of or less conduct than" that qualifying as a federal drug trafficking offense, then the two offenses are a categorical match. United States v. Hernandez, 769 F.3d 1059, 1062 (9th Cir. 2014)(per curaim); see also Taylor, 495 U.S. at 599.

It is clear that RSMo §§ 195.202 and 195.211, like many California State drug statutes, are not deemed a categorical match with a federal drug trafficking offense. For instance, RSMo § 195.202 provided, in pertinent part, as follows:

1. Except as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance.

2. Any person who violates this section with respect to any controlled substance except thirty-five grams or less of marijuana or any synthetic cannabinoid is guilty of a class C

4

felony.

   3. Any person who violates this section with respect to not more than thirty-five grams of marijuana or any synthetic cannabinoid is guilty of a class A misdemeanor. See Attachment A (Statutory language for RSMo 195.202).

   From the plain language of the indictment, it could be concluded that Capps was charged under RSMo 195.202(2). However, the indictment is merely an allegation of the conduct, and not proof of the elements Capps pleaded guilty to, or part of the Shepard's documents. It is noteworthy for this court to take notice that a person can violate 195.202(1) by possessing "any controlled substance" or have under his control (e.g., constructive possession) of a controlled substance. A person can violate subsection (2) by possessing "any controlled substance," except thirty-five grams or less of marijuana or any synthetic cannabinoid. A person can violate subsection (3) by possessing not more than thirty-five grams of marijuana or [any] synthetic cannabinoid, which is de emed a class A misdemeanor. This statute charges the elements in the disjunctive. At no time did the United States presents Capps plea transcripts prior to the imposition of the federal sentence to verify which alternative of the statute he pleaded guilty. In addition, RSMo § 195.211(1) criminalizes knowingly manufactures, produces, or grows a controlled substance; while § 195.211(2) criminalizes attempts to manufacture, produce, or grow a controlled substance. Capps was charged for a violation of 195.211, subsection (1) and (2). Both subsections used the generalized term "a controlled substance." This phase by

5

itself does not satisfy § 802(44) definition of "felony drug offense."

The term "felony drug offense" is defined in 21 U.S.C. § 802(44) as: "[A]n offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." (emphasis added).

However, taken as a whole, RSMo §§ 195.202 and 195.211 includes both qualifying and non-qualifying crimes. Because these statutes as a whole "comprises multiple, alternative versions of the crimes," the statutes are divisible and subject to the modified categorical approach. See Descamps, 133 S. Ct. at 2284. This court must identify from among several alternatives, the plea transcripts, and the sentencing transcripts, the crime of conviction, so the Court can determine if Capps' crimes are deemed § 851 qualifying offenses. Id at 2285. Capps strongly contends that they are not in light of Mathis, Descamps, and § 802(44).

The court must review the Shepard documents to determine what elements Capps stipulated to at the guilty plea hearing. Both RSMo §§ 195.202 and 195.211 are overly broad, where they criminalizes, (1) "any controlled substance," (2) "controlled substance" in general, and (3) "synthetic cannabinoid." Thus, these statutes sweeps more broadly than the specific controlled substances listed in 21 U.S.C. § 802(44). See Mielewczyk, 575 F.3d at 995 (controlled substance

6

requirement); Rivera-Sanchez, 247 F.3d at 909 (actus reus
requirement). Capps' case, therefore, turns on the second step
of the categorical analysis.

At the second step, the court would ask whether the
Missouri statutes are divisible which "sets out one or more
elements of the offense in the alternative." Descamps v.
United States, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438
(2013). In Mathis, the Supreme Court reiterated the importance
of the abstract comparison of elements, explaining that a
statute is divisible only when it "list[s] elements in the
alternative, and thereby define[s] multiple crimes." 136 S.
Ct. at 2249. Mathis also instructed courts not to assume that
a statute lists alternative elements and defines multiple
crimes simply because it contains a disjunctive list. Id.
Instead, Mathis instruct courts to consult "authoritative
sources of state law" to determine whether a statute contains
alternative elements defining multiple crimes or alternative
means by which a defendant might commit the same crime.
Mathis, 136 S. Ct. at 2256; United States v. Hollis, 490 F.3d
1149, 1157 (9th Cir. 2007), abrogated on other grounds by
DePierre v. United States, 564 U.S. 70 (2011); accord United
States v. Hernandez, 312 Fed. Appx 937, 939 (9th Cir.
2009)(unpublished)(applying the categorical approach to the
"felony drug offense" definition).

This analysis requires a categorical comparison between
the predicate offense of conviction, and in this case, RSMo §§
195.202 and 195.211, and the federal definition of felony drug
offense in § 802(44). So first, the court would ask whether

7

RSMo §§ 195.202 and 195.211 are categorical matches to the generic predicate offense; that is, if the statute of conviction criminalizes only as much (or less) conduct than the generic offense. Medina-Lara v. Holder, 771 F.3d 1106, 1112 (9th Cir. 2014). If there's no dispute on this matter between Capps and the United States, then the court must ask if the statute of conviction's comparatively overboard element is divisible.

If RSMo §§ 195.202 and 195.211 are divisible under Mathis, then the court may proceed to the third step in the analysis and apply the modified categorical approach. At this step, the court examines judicially noticeable documents of conviction "to determine which statutory phrase was the basis for the conviction." Descamps, 133 S. Ct. 2285. As in this case, if Capps guilty plea did not stipulate to the elements constituting a federal drug trafficking offense within § 802(44), the prior state convictions may not serve as predicates for § 851 enhancement. Shepard v. United States, 544 U.S. 13, 16, 161 L. Ed. 2d 205 (2005). Capps contends that he pleaded guilty to offenses that are not qualifying predicat e[s] under Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016) to support the § 851 mandatory life enhancement.

Looking to the limited class of documents from the record of the prior convictions, there is simply no indication of which controlled-substance element Capps pleaded guilty to as part of his conviction in both Missouri cases. See e.g. United States v. Ocampo-Estrada, 873 F.3d 661 (9th Cir. 2017). In Ocampo, the Government lacked proof that Ocampo's prior drug

8

felony was a qualifying predicate for the § 851 enhancement.
So the Government hangs its case on Ocampo's statement made
when objecting the presentence report in the instant federal
case.

Ocampo stated his prior offense "involve[d] 57 grams of
methamphetamine." However, on direct review, the Ninth Circuit
held that there were two problems with relying upon this
statement as a basis to enhance Ocampo's sentence. First,
Ocampo's statement made in the instant case appears in a
document that is outside of the "limited class of documents"
from the record of a prior conviction upon which a sentencing
court may rely to determine which version of an offense was
the basis for a prior conviction. Mathis, 136 S. Ct. at 2249.

Second, this statement does not constitute an admission
that methamphetamine was the element of section 11378 to which
Ocampo pleaded guilty-at best it indicates that the conduct
giving rise to his prior conviction "involve[d]"
methamphetamine. Further, the Ninth Circuit noted in Ocampo
that the Supreme Court has expressly forbidden reliance upon
the underlying facts of a prior conviction to determine
whether the prior offense categorically matches the federal
statute at issue. Descamps, 133 S. Ct. at 2287 (a sentencing
court cannot "discover what the defendant actually did" and
then use those discovered facts to establish a categorical
match); see also Sahagun-Gallegos, 782 F.3d at 1100-01 (same).
At the least, Capps contends that RSMo § 195.202 is not a
categorical "prior drug offense" as that term is defined in 21
U.S.C. § 802(44).

9

II. Mathis and Descamps Retroactively Established
    that Under the Categorical Approach,
    Capps' Missouri Convictions are not Qualified
    Felony Drug Offenses under 21 USC 802(44)


Mathis v. United States, 136 S. Ct. 2243 (2016), and
Descamps v. United States, 570 U.S. 254 (2013), retroactively
established that under the categorical approach of Taylor v.
United States, 495 U.S. 575 (1990), Capps Missouri state drug
convictions are not felony drug offenses as defined in 21
U.S.C. § 802(44). The Ninth Circuit held, "[O]ur holding that
Allen has made a cognizable claim of actual innocence, and
that he did not have an unobstructed procedural shot at
presenting that claim resolves the question of statutory
jurisdiction in this case." Allen v. Ives, Id. "We take the
opportunity to clarify that Mathis and Descamps apply
retroactively when a court reviews a criminal judgment in the
course of addressing a § 2241 petition or a first § 2255
motion."

A new rule applies retroactively in a collateral
proceeding only if (1) the rule is substantive or (2) the rule
is a watershed rule of criminal procedure implicating the
fundamental fairness and accuracy of the criminal proceeding.
Whorton v. Bocking, 549 U.S. 406, 416 (2007). "A rule is
substantive rather than procedural if it alters the range of
conduct or the class of persons that the law punishes." Welch
v. United States, 136 S. Ct. 1257, 1264-65 (2016)(quoting
Schriro v. Summerlin, 542 U.S. 348, 353 (2004)). The Ninth
Circuit held that Mathis and Descamps alters "the range of

conduct ... that the law punishes" and not "only the
procedures used to obtain the conviction." Welch, 136 S. Ct.
at 1266.

Further, the Court held in Allen v. Ives, "[W]e have
previously recognized that decisions that alter the
substantive reach of a federal statute apply retroactively in
§ 2241 proceedings under the escape hatch." See Alaimalo, 645
F.3d 1042. The Supreme Court's decisions in Mathis and
Descamps therefore will apply retroactively to a review of
Allen's sentence on remand. Accordingly, Capps contends that
such decisions in Mathis and Descamps alters the range of
conduct that § 851 punishes, thus creating a material change
in the way the law is applied to his case that warrants relief
under the savings clause.

III. Capps did not have an Unobstructed Procedural
        Shot at Presenting his Claim

When deciding whether a petitioner has had an
"unobstructed procedural shot," the courts consider: (1)
whether the legal basis for petitioner's claim did not arise
until after he had exhausted his direct appeal and first §
2255 motion; and (2) whether the law changed in any way
relevant to petitioner's claim after that first § 2255
motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.
2008). If an intervening court decision after a prisoner's
direct appeal and first § 2255 "effects a material change in
the applicable law [,]" then the prisoner did not have an
unobstructed procedural shot to present his claim. Alaimalo,

11

645 F.3d 1042, 1047 (9th Cir. 2011). Capps did not have an
unobstructed procedural shot at presenting his claim of actual
innocence because it was foreclosed by existing precedents at
the time of his direct appeal and his first section 2255
motion. Under the law at that time of his AEDPA one-year
limitation to file his § 2255 motion, Descamps and Mathis were
unavailable to be applied in the categorical analysis sense to
State drug statutes. Moreover, pre-Descamps and Mathis, courts
were still looking at defendants conducts rather than the
elements of the state statute, and assessing whether the least
way of violating the statute matches the generic offense.

Based on the Supreme Court's later decisions in Descamps
and Mathis, and the Ninth Circuit's recent decision in Allen
v. Ives, Capps can now argue that (1) the categorical approach
should apply to RSMo §§ 195.202 and 195.211, (2) this prior
convictions are not "felony drug offenses" under 21 U.S.C. §
802(44), and (3) he's actually innocent of the § 851
enhancement that rested on two priors that are not qualified
felony drug offenses. The legal basis for this argument arose
only after Capps had appealed and filed his § 2255 motion.

The Ninth Circuit have held that the decisions in
Descamps and Mathis do not meet the standard for a second or
successive § 2255 motion because they interpreted federal
statutes, not the Constitution. See Arazola-Galea v. United
States, 876 F.3d 1257, 1259 (9th Cir. 2017; Ezell v. United
States, 778 F.3d 762, 766 (9th Cir. 2015). Because Capps'
claim under Descamps and Mathis "did not become available
until after the Eight Circuit denied direct appeal, and after
he filed his § 2255 (which is still pending), and because that

claim does not satisfy the criteria of § 2244 for a second or successive § 2255 motion, Capps has not had (and, indeed, will never get), an opportunity to present his claim in a § 2255 motion that his prior Missouri convictions are not qualifying predicates under the standard in Descamps and Mathis. Stephens, 464 F.3d at 898. Thus, Capps has not had an unobstructed procedural shot at presenting his actual innocence claim.

IV. Capps is Actually Innocent of Section 841
    and 851 Mandatory Life Sentence Enhancement

In Allen v. Ives, the Ninth Circuit posed the question in this way: "Whether a petitioner who committed a crime that is not a predicate crime may challenge his career offender status under § 2241?" The Court noted, "because Allen's prior conviction did not qualify that he could be deemed actually innocent of it being a predicate offense for federal sentencing purposes." Id. The Court further held that Allen being sentenced under the mandatory career offender guideline was no different from being sentenced under a statute, citing Alleyne v. United States, 570 U.S. 99 (2013), in which the Supreme Court held that a fact that increases the mandatory minimum sentence as an "element" of the offense that must be found by a jury.

Precisely, that is exactly what the § 851 mandatory penalty did in Capps' case--requiring a mandatory minimum sentence of life imprisonment the court had to impose, without anything more than the judge accepting the § 851

13

notices filed by the Government. As the Ninth Circuit suggested in Allen, this was a violation of Alleyne v. United States.

Capps has made a cognizable claim to invoke the savings clause, and contends that he is actually innocent for the 851 mandatory life sentence enhancement. Capps has been incarcerated since 2011. Eliminating even one of the § 851 priors as a non-qualifying predicate under § 802(44), Mathis, and Descamps, would significantly lower Capps sentence from life imprisonment to a term of years. However, this court also has jurisdiction to take into consideration the First Step Act's provision that amended Section 841 statutory enhancement. See e.g., United States v. Graves, 925 F.3d 1036 (9th Cir. 2019)(When the district court re-sentences Graves, it may also consider what effect, if any, the recently enacted First Step Act has on his sentence). Thus, in consistent with the ruling in Allen v. Ives, this court has jurisdiction to issue the writ, and grant Capps the appropriate relief.

## Conclusion

Accordingly, Dennis Capps respectfully request that the court grants the writ of habeas corpus, with an order for him to be resentenced in absence of §§ 841 and 851 enhancement because he's actually innocent of such enhancement in light of Mathis, Descamps, and 21 U.S.C. § 802(44).

DATED this ____ day of May, 2020.

Respectfully submitted,

*Dennis Capps*    5-28-20

Dennis Capps

Attachment

# JUSTIA

Laws & Legal Resources.

View the 2019 Missouri Revised Statutes | View Previous Versions of the Missouri Revised Statutes

## 2014 Missouri Revised Statutes
## TITLE XII PUBLIC HEALTH AND WELFARE (188-215)
## Chapter 195 Drug Regulations
## Section 195.202 Until December 31, 2016--Possession or control of a controlled substance, exception, penalty.

Universal Citation: MO Rev Stat § 195.202 (2014)

195.202. 1. Except as authorized by sections 195.005 to 195.425*, it is unlawful for any person to possess or have under his control a controlled substance.

2. Any person who violates this section with respect to any controlled substance except thirty-five grams or less of marijuana or any synthetic cannabinoid is guilty of a class C felony.

3. Any person who violates this section with respect to not more than thirty-five grams of marijuana or any synthetic cannabinoid is guilty of a class A misdemeanor.

(L. 1989 S.B. 215 & 58, A.L. 2010 H.B. 1472, A.L. 2011 H.B. 641)

Transferred 2014; now 579.015; Effective 1-01-17

*Section 195.425 was repealed by H.B. 1965, 2010.

Disclaimer: These codes may not be the most recent version. Missouri may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.

# JUSTIA

Laws & Legal Resources.

View the 2019 Missouri Revised Statutes | View Previous Versions of the Missouri Revised Statutes

# 2016 Missouri Revised Statutes
## TITLE XII PUBLIC HEALTH AND WELFARE (188-215)
## Chapter 195 Drug Regulations
### Section 195.211 (Transferred 2014; now 579.055)

Universal Citation: MO Rev Stat § 195.211 (2016)

579.055. 1. A person commits the offense of manufacture of a controlled substance if, except as authorized in this chapter or chapter 195, he or she:

(1) Knowingly manufactures, produces, or grows a controlled substance;

(2) Attempts to manufacture, produce, or grow a controlled substance; or

(3) Knowingly possesses a controlled substance with the intent to manufacture, produce, or grow any amount of controlled substance.

2. The offense of manufacturing or attempting to manufacture any amount of controlled substance is a class B felony when committed within two thousand feet of the real property comprising a public or private elementary, vocational, or secondary school, community college, college, or university. It is a class A felony if a person has suffered serious physical injury or has died as a result of a fire or explosion started in an attempt by the defendant to produce methamphetamine.

3. The offense of manufacturing or attempting to manufacture any amount of a controlled substance, except thirty-five grams or less of marijuana or synthetic cannabinoid, is a class C felony.

4. The offense of manufacturing thirty-five grams or less of marijuana or synthetic cannabinoid is a class E felony.

(L. 1989 S.B. 215 & 58, A.L. 1998 H.B. 1147, et al., A.L. 2003 S.B. 39, A.L. 2014 S.B. 491)

Transferred 2014; formerly 195.211; Effective 1-01-17

Disclaimer: These codes may not be the most recent version. Missouri may have more current or accurate information. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or the information linked to on the state site. Please check official sources.