# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RAY CAPPS,<br><br>    Petitioner,<br><br>    v.<br><br>CIOLLI,<br><br>    Respondent. | Case No. 1:20-cv-00766-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 10) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1).[1] Petitioner was convicted after a jury trial in the United States District Court for the Eastern District of Missouri of possession with intent to distribute 50 grams or more of methamphetamine. Jury Verdict, United States v. Capps, No. 1:11-cr-00108-AGF (E.D. Mo. May 30, 2012), ECF No. 69.[2] On January 22, 2013, Petitioner was sentenced to life in prison. Judgment, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Jan. 22, 2013), ECF No. 88. On

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

1  June 11, 2013, the Eighth Circuit affirmed the judgment. United States v. Capps, 716 F.3d 494,
2  496 (8th Cir. 2013).

3  On October 9, 2014, Petitioner filed a motion to vacate, set aside, or correct sentence
4  pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of
5  Missouri. Motion, Capps v. United States, No. 1:14-cv-00144-AGF (E.D. Mo. Oct. 9, 2014),
6  ECF No. 1. On March 15, 2018, the district court denied Petitioner's § 2255 motion. Capps v.
7  United States, No. 1:14-cv-00144-AGF, 2018 WL 1335093 (E.D. Mo. Mar. 15, 2018).

8  On January 11, 2019, Petitioner subsequently filed a motion for leave to amend his
9  § 2255 motion pursuant to the First Step Act.[3] Motion, Capps, No. 1:11-cr-00108-AGF (E.D.
10 Mo. Jan. 11, 2019), ECF No. 117. On April 24, 2019, United States District Court for the Eastern
11 District of Missouri denied Petitioner's motion for relief under the First Step Act.[4] Order, Capps,
12 No. 1:11-cr-00108-AGF (E.D. Mo. Apr. 24, 2019), ECF No. 123.

13 On June 2, 2020, Petitioner filed the instant petition for writ of habeas corpus. Therein,
14 Petitioner argues that his prior Missouri drug convictions are not qualifying predicates for § 851
15 enhancement under Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United
16 States, 570 U.S. 254 (2013). (ECF No. 1). On October 13, 2020, Respondent filed a motion to
17 dismiss, arguing that Petitioner's claims may not be raised under § 2241 and no escape hatch
18 exception applies. (ECF No. 10). To date, no opposition has been filed, and the time for doing so
19 has passed.

20 **II.**

21 **DISCUSSION**

22 A federal prisoner who wishes to challenge the validity or constitutionality of his federal
23 conviction or sentence must do so by moving the court that imposed the sentence to vacate, set

---

[3] In the motion, Petitioner argued that the First Step Act, which reduced mandatory life sentences imposed under 21 U.S.C. §§ 841 and 851 to 25 years, should be retroactively applicable to Petitioner. Petitioner also requested an evidentiary hearing to verify whether his prior felony drug offenses satisfy the definition for "felony drug offense" after Mathis v. United States, 136 S. Ct. 2243 (2016).

[4] The district court found that Petitioner was not entitled to relief under the First Step Act "[f]or the reasons correctly set out in . . . the response of the Assistant United States Attorney [Doc. No. 122] . . ." Order, Capps, No. 1:11-cr-00-108-AGF (E.D. Mo. Apr. 24, 2019), ECF No. 123. The United States' Response, in turn, asserted that Petitioner was "not eligible for relief under Section 404 of the First Step Act because he was sentenced to life imprisonment for possession with intent to distribute methamphetamine, a sentence not modified by the Fair Sentencing Act of 2010." United States' Response, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Mar. 25, 2019), ECF No. 122.

1  aside, or correct the sentence under 28 U.S.C. § 2255. <u>Alaimalo v. United States</u>, 645 F.3d 1042,
2  1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive
3  means by which a federal prisoner may test the legality of his detention, and that restrictions on
4  the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C.
5  § 2241." <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

6        Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal
7  prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255
8  to be "inadequate or ineffective to test the validity of his detention." <u>Alaimalo</u>, 645 F.3d at 1047
9  (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); <u>Harrison v. Ollison</u>, 519 F.3d
10 952, 956 (9th Cir. 2008); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864–65 (9th Cir. 2000) (per
11 curiam). The Ninth Circuit has recognized that it is a very narrow exception. See <u>Ivy v. Pontesso</u>,
12 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed
13 inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy
14 under § 2255 is procedurally barred. <u>Id.</u> The burden is on the petitioner to show that the remedy
15 is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

16       "An inquiry into whether a § 2241 petition is proper under these circumstances is critical
17 to the determination of district court jurisdiction" because § 2241 petitions must be heard in the
18 custodial court while § 2255 motions must be heard in the sentencing court. <u>Hernandez</u>, 204 F.3d
19 at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this
20 Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in
21 the United States District Court for the Eastern District of Missouri as the sentencing court.

22       A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner
23 "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at
24 presenting that claim." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Ivy</u>, 328 F.3d at 1060).

25     **A. Actual Innocence**

26      In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch
27 is tested by the standard articulated by the Supreme Court in <u>Bousley v. United States</u>, 523 U.S.
28 614 (1998). <u>Stephens</u>, 464 F.3d at 898. In <u>Bousley</u>, the Supreme Court explained that "[t]o

establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted).

In Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), the Ninth Circuit stated that it had "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." Id. at 1193. The petitioner in Marrero asserted that he was actually innocent of being a career offender due to subsequent amendments to the Sentencing Guidelines. Marrero, 682 F.3d at 1193. The Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195. The Marrero court also discussed, but did not endorse, the following exceptions recognized in other circuits to the general rule that a petitioner cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement:

> First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was factually innocent of the crime that served as the predicate conviction for the enhancement. Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible. And third, some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation.

Marrero, 682 F.3d at 1194–95 (citations omitted).

In Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), the Ninth Circuit reached the question left open in Marrero and found that "Allen ha[d] made a claim of actual innocence that permits jurisdiction over his § 2241 petition." Id. at 1189. Specifically, Allen asserted that under Mathis and Descamps, which are retroactive, his prior Connecticut state conviction was not a conviction for a predicate crime and thus, Allen is actually innocent of a crime that would qualify him for career offender status under the Sentencing Guidelines and is actually innocent of the sentence that was imposed. Id. at 1188. In finding that Allen had made a claim of actual innocence that permits jurisdiction over his § 2241 petition, the Ninth Circuit distinguished Marrero, where the petitioner's claim "failed because his claim to actual innocence was based on a non-retroactive

///

interpretation of the Guidelines, and he made no claim to factual innocence of the crimes of which he had been convicted." Allen, 950 F.3d at 1190.

Allen also noted that the decisions of other circuits cited by Marrero "restricted actual innocence claims to cases in which the sentence exceeded what would otherwise have been the statutory maximum." Allen, 950 F.3d at 1189. In finding that such a restriction did not limit Allen's claim of actual innocence,[5] the Ninth Circuit stated:

> [T]he advisory nature of the post-*Booker* guidelines was important to the reasoning in those decisions. For prisoners sentenced under the mandatory Guidelines, we doubt such a restriction can survive the Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99, 107–08, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), that a fact that increases a mandatory minimum sentence is an "element" of the offense. *See* 570 U.S. 99, 107–08, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

Allen, 950 F.3d at 1189.

Respondent argues that Allen is not applicable in the instant case because "[f]ollowing *Allen*, actual innocence of-a-sentence 'escape hatch' qualification is only permissible to challenge to a pre-*Booker* mandatory guideline sentence." (ECF No. 10 at 4). Respondent contends that "Petitioner's sentence was imposed on January 22, 2013, well after the 2005 *Booker* decision. Indeed, the EDMO sentencing court specifically indicated it was imposing Petitioner's sentence under the advisory guidelines." (ECF No. 10 at 4 (citing Transcript of Sentencing at 11–13, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Jan. 22, 2013), ECF No. 105)).

The Court does not find Respondent's argument persuasive. Although Petitioner was sentenced after Booker, the sentencing court concluded Petitioner had two prior felony drug offenses under 21 U.S.C. § 841(b)(1)(A), which *mandated* a sentence of life imprisonment. See United States v. Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005) ("Booker does not bear on mandatory minimums[.]"). With respect to the Sentencing Guidelines and the statutory mandatory minimum sentence, the sentencing court stated:

> The sentencing guidelines used to be mandatory, but now they are applied in an advisory manner. I am still required to arrive at a guideline range and consider that range along with other factors at the time of sentencing.

---

[5] "[T]he finding that Allen was a career offender increased his minimum sentence under the mandatory Guidelines from 235 months to 262 months and disqualified him from receiving an otherwise available downward departure." Allen, 950 F.3d at 1189.

5

> As I'm sure that you are aware, one of the other factors that impacts your sentencing is that there is, in fact, a mandatory minimum sentence that applies in light of the charge for which you have been convicted. . . .
>
> . . .
>
> I will consider whether a guideline sentence is appropriate after considering a departure up or down is appropriate under the guidelines. And then I will, in fact, consider all of the factors in 18 United States Code Section 3553(a).
>
> But in this particular matter, as I stated previously, there is a mandatory minimum sentence that has been set by Congress in this matter. . . .
>
> . . .
>
> [A]lthough the guidelines calculations would be 235 to 293 months, in fact, there is a mandatory minimum sentence in this matter, which is that it would be a sentence of life with supervised release of not less than 10 years.
>
> And that is the sentence that Congress has stated should apply to a conviction of this sort – of this nature. And so the guidelines would not be applicable in this matter. And the Court is not permitted to impose a guideline sentence in light of the mandatory minimum sentence imposed by Congress but for the [Eighth Amendment] argument that the Defendant is making in this matter.

Transcript of Sentencing at 11:25–12:10, 13:1–10, 29:8–22, Capps, No. 1:11-cr-00108-AGF.

Petitioner is not asserting that he is actually innocent of an advisory guideline sentence. Rather, Petitioner argues that under Mathis and Descamps, his prior Missouri drug convictions were not convictions for a felony drug offense under 21 U.S.C. § 841(b)(1)(A) and thus, Petitioner is actually innocent of the mandatory statutory sentence that was imposed. See Allen v. Ives, 976 F.3d 863, 865 (9th Cir. 2020) (W. Fletcher, J., concurring in denial for reh'g en banc) ("Under *Alleyne v. United States*, 570 U.S. 99, 107–08, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), a fact that increases a mandatory minimum sentence is an 'element of the offense.' If an element of an offense is not established, a defendant is necessarily innocent of that offense."); Marrero, 682 F.3d at 1194 (noting that "some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible").

The Ninth Circuit has applied Allen and found the actual innocence requirement of the escape hatch satisfied where a petitioner argued that his prior convictions under Texas Penal Code § 29.03 were not serious violent felonies for purposes of the petitioner's mandatory life sentence imposed pursuant to the residual clause of the federal three strikes law, 18 U.S.C.

6

§ 3559. United States v. Wehmhoefer, 835 F. App'x 208, 209–11 (9th Cir. 2020), reh'g and reh'g en banc denied, No. 18-55830, 2021 U.S. App. LEXIS 932 (9th Cir. Jan. 13, 2021). Similarly, the Ninth Circuit found the actual innocence requirement satisfied where a petitioner, whose sentence had been enhanced by five years over the otherwise applicable statutory maximum, argued that his three prior convictions for second-degree burglary under Kentucky law did not qualify as "violent felonies" under the Armed Career Criminal Act. Chaney v. Blanckensee, 804 F. App'x 579, 580, 581 (9th Cir. 2020). In Chaney, the Ninth Circuit described Allen as "holding that claims that a petitioner is actually innocent of a noncapital sentence under *Descamps* and *Mathis*, including but not limited to claims that a petitioner's sentence exceeds the statutory maximum, are claims of actual innocence cognizable under the escape hatch." Chaney, 804 F. App'x at 581.

Based on the foregoing, the undersigned finds that if Petitioner "is correct under Mathis and Descamps that his [Missouri drug] conviction is not a conviction for a felony drug offense under 21 U.S.C. § 841(b)(1)(A), he is 'actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch.'" Allen, 950 F.3d at 1190 (quoting Marrero, 682 F.3d at 1193).

**B. Unobstructed Procedural Shot**

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That

is, an intervening court decision must "constitute[] a *change* in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (citing Ivy, 328 F.3d at 1060).

Descamps was decided before Petitioner filed his first § 2255 motion. However, Mathis was decided while Petitioner's first § 2255 motion was pending in the district court. Petitioner has not alleged that he was prevented from moving to amend his § 2255 motion in order to incorporate a Descamps/Mathis claim. Therefore, Petitioner fails to show that he did not have an unobstructed procedural shot to assert this claim. See Alaimalo, 645 F.3d at 1048 (citing to Abdullah v. Hedrick, 392 F.3d 957, 958, 963 (8th Cir. 2004), for the proposition that "where petitioner's § 2255 motion was still pending at the time the Supreme Court effected a material change in the applicable law, he had an unobstructed chance to raise his actual innocence claim in the pending petition").

"[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . . requirements." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner has failed to establish that he never had an unobstructed procedural shot to assert his claim, Petitioner cannot proceed under the escape hatch. Accordingly, this Court lacks jurisdiction over the petition, and the petition should be dismissed.

### III.

### RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 10) be GRANTED and the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 25, 2021**

UNITED STATES MAGISTRATE JUDGE