1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DENNIS RAY CAPPS, | Case No. 1:20-cv-00766-AWI-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS |
| v. | |
| CIOLLI, | (ECF No. 10) |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1).[1] Petitioner was convicted after a jury trial in the United States District Court for the Eastern District of Missouri of possession with intent to distribute 50 grams or more of methamphetamine. Jury Verdict, United States v. Capps, No. 1:11-cr-00108-AGF (E.D. Mo. May 30, 2012), ECF No. 69.[2] On January 22, 2013, Petitioner was sentenced to life in prison. Judgment, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Jan. 22, 2013), ECF No. 88. On

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

1

June 11, 2013, the Eighth Circuit affirmed the judgment. United States v. Capps, 716 F.3d 494, 496 (8th Cir. 2013).

On October 9, 2014, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Missouri. Motion, Capps v. United States, No. 1:14-cv-00144-AGF (E.D. Mo. Oct. 9, 2014), ECF No. 1. On November 23, 2015, an evidentiary hearing was held. Minutes, Capps, No. 1:14-cv-00144-AGF (E.D. Mo. Nov. 23, 2015), ECF No. 26. On March 15, 2018, the district court denied Petitioner's § 2255 motion. Capps v. United States, No. 1:14-cv-00144-AGF, 2018 WL 1335093 (E.D. Mo. Mar. 15, 2018).

On January 11, 2019, Petitioner subsequently filed a motion for leave to amend his § 2255 motion pursuant to the First Step Act.[3] Motion, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Jan. 11, 2019), ECF No. 117. On April 24, 2019, United States District Court for the Eastern District of Missouri denied Petitioner's motion for relief under the First Step Act.[4] Order, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Apr. 24, 2019), ECF No. 123.

On June 2, 2020, Petitioner filed the instant petition for writ of habeas corpus. Therein, Petitioner argues that his prior Missouri drug convictions are not qualifying predicates for § 851 enhancement under Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United States, 570 U.S. 254 (2013). (ECF No. 1). On October 13, 2020, Respondent filed a motion to dismiss, arguing that Petitioner's claims may not be raised under § 2241 and no escape hatch exception applies. (ECF No. 10).

On March 25, 2021, the undersigned issued findings and recommendation to grant the motion to dismiss because Petitioner failed to show that he did not have an unobstructed

---

[3] In the motion, Petitioner argued that the First Step Act, which reduced mandatory life sentences imposed under 21 U.S.C. §§ 841 and 851 to twenty-five years, should be retroactively applicable to Petitioner. Petitioner also requested an evidentiary hearing to verify whether his prior felony drug offenses satisfy the definition for "felony drug offense" after Mathis v. United States, 136 S. Ct. 2243 (2016).

[4] The district court found that Petitioner was not entitled to relief under the First Step Act "[f]or the reasons correctly set out in . . . the response of the Assistant United States Attorney [Doc. No. 122] . . ." Order, Capps, No. 1:11-cr-00-108-AGF (E.D. Mo. Apr. 24, 2019), ECF No. 123. The United States' Response, in turn, asserted that Petitioner was "not eligible for relief under Section 404 of the First Step Act because he was sentenced to life imprisonment for possession with intent to distribute methamphetamine, a sentence not modified by the Fair Sentencing Act of 2010." United States' Response, Capps, No. 1:11-cr-00-108-AGF (E.D. Mo. Mar. 25, 2019), ECF No. 122. Petitioner's Mathis claim was not addressed.

procedural shot to assert his actual innocence claim. (ECF No. 11). The findings and recommendation noted that "[t]o date, no opposition has been filed, and the time for doing so has passed." (Id. at 2). On April 12, 2021, the Court received Petitioner's objections, in which Petitioner states that he never received Respondent's motion to dismiss. (ECF No. 12 at 2).

On May 7, 2021, the Court ordered that a copy of the motion to dismiss be mailed to Petitioner and provided Petitioner with an opportunity to file an opposition to the motion to dismiss. (ECF No. 13). On May 28, 2021, Petitioner filed an opposition. (ECF No. 14). On June 16, 2021, the Court vacated the April 12, 2021 findings and recommendation and directed Respondent to file a reply to the opposition and address Petitioner's argument that he did not have an unobstructed procedural shot to assert his actual innocence claim because any attempt to amend his first § 2255 motion to incorporate a Descamps/Mathis claim would have been futile. (ECF No. 15). On July 16, 2021, Respondent filed a reply. (ECF No. 16).

## II.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed

inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Eastern District of Missouri as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060).

### A. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted).

In Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), the Ninth Circuit stated that it had "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." Id. at 1193. The petitioner in Marrero asserted that he was actually innocent of being a career offender due to subsequent amendments to the Sentencing Guidelines. Marrero, 682 F.3d at 1193. The Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195. The Marrero court also discussed, but did not endorse, the following exceptions recognized in other circuits to the general rule that a petitioner cannot assert a

cognizable claim of actual innocence of a noncapital sentencing enhancement:

> First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was factually innocent of the crime that served as the predicate conviction for the enhancement. Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible. And third, some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation.

Marrero, 682 F.3d at 1194–95 (citations omitted).

In Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), the Ninth Circuit reached the question left open in Marrero and found that "Allen ha[d] made a claim of actual innocence that permits jurisdiction over his § 2241 petition." Id. at 1189. Specifically, Allen asserted that under Mathis and Descamps, which are retroactive, his prior Connecticut state conviction was not a conviction for a predicate crime and thus, Allen is actually innocent of a crime that would qualify him for career offender status under the Sentencing Guidelines and is actually innocent of the sentence that was imposed. Id. at 1188. In finding that Allen had made a claim of actual innocence that permits jurisdiction over his § 2241 petition, the Ninth Circuit distinguished Marrero, where the petitioner's claim "failed because his claim to actual innocence was based on a non-retroactive interpretation of the Guidelines, and he made no claim to factual innocence of the crimes of which he had been convicted." Allen, 950 F.3d at 1190.

Allen also noted that the decisions of other circuits cited by Marrero "restricted actual innocence claims to cases in which the sentence exceeded what would otherwise have been the statutory maximum." Allen, 950 F.3d at 1189. In finding that such a restriction did not limit Allen's claim of actual innocence,[5] the Ninth Circuit stated:

> [T]he advisory nature of the post-Booker guidelines was important to the reasoning in those decisions. For prisoners sentenced under the mandatory Guidelines, we doubt such a restriction can survive the Supreme Court's holding in Alleyne v. United States, 570 U.S. 99, 107–08, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), that a fact that increases a mandatory minimum sentence is an "element" of the offense. See 570 U.S. 99, 107–08, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

Allen, 950 F.3d at 1189.

---

[5] "[T]he finding that Allen was a career offender increased his minimum sentence under the mandatory Guidelines from 235 months to 262 months and disqualified him from receiving an otherwise available downward departure." Allen, 950 F.3d at 1189.

Respondent argues that <u>Allen</u> is not applicable in the instant case because "[f]ollowing *Allen*, actual innocence of-a-sentence 'escape hatch' qualification is only permissible to challenge to a pre-*Booker* mandatory guideline sentence." (ECF No. 10 at 4). Respondent contends that "Petitioner's sentence was imposed on January 22, 2013, well after the 2005 *Booker* decision. Indeed, the EDMO sentencing court specifically indicated it was imposing Petitioner's sentence under the advisory guidelines." (ECF No. 10 at 4 (citing Transcript of Sentencing at 11–13, <u>Capps</u>, No. 1:11-cr-00108-AGF (E.D. Mo. Jan. 22, 2013), ECF No. 105)).

The Court does not find Respondent's argument persuasive. Although Petitioner was sentenced after <u>Booker</u>, the sentencing court concluded Petitioner had two prior felony drug offenses under 21 U.S.C. § 841(b)(1)(A), which *mandated* a sentence of life imprisonment. <u>See</u> <u>United States v. Cardenas</u>, 405 F.3d 1046, 1048 (9th Cir. 2005) ("<u>Booker</u> does not bear on mandatory minimums[.]"). With respect to the Sentencing Guidelines and the statutory mandatory minimum sentence, the sentencing court stated:

> The sentencing guidelines used to be mandatory, but now they are applied in an advisory manner. I am still required to arrive at a guideline range and consider that range along with other factors at the time of sentencing.
> As I'm sure that you are aware, one of the other factors that impacts your sentencing is that there is, in fact, a mandatory minimum sentence that applies in light of the charge for which you have been convicted. . . .
>
> . . .
>
> I will consider whether a guideline sentence is appropriate after considering a departure up or down is appropriate under the guidelines. And then I will, in fact, consider all of the factors in 18 United States Code Section 3553(a).
>
> But in this particular matter, as I stated previously, there is a mandatory minimum sentence that has been set by Congress in this matter. . . .
>
> . . .
>
> [A]lthough the guidelines calculations would be 235 to 293 months, in fact, there is a mandatory minimum sentence in this matter, which is that it would be a sentence of life with supervised release of not less than 10 years.
>
> And that is the sentence that Congress has stated should apply to a conviction of this sort – of this nature. And so the guidelines would not be applicable in this matter. And the Court is not permitted to impose a guideline sentence in light of the mandatory minimum sentence imposed by Congress but for the [Eighth Amendment] argument that the Defendant is making in this matter.

Transcript of Sentencing at 11:25–12:10, 13:1–10, 29:8–22, <u>Capps</u>, No. 1:11-cr-00108-AGF.

1   Petitioner is not asserting that he is actually innocent of an advisory guideline sentence.
2   Rather, Petitioner argues that under <u>Mathis</u> and <u>Descamps</u>, his prior Missouri drug convictions
3   were not convictions for a felony drug offense under 21 U.S.C. § 841(b)(1)(A) and thus,
4   Petitioner is actually innocent of the mandatory statutory sentence that was imposed. The Ninth
5   Circuit has "limit[ed] <u>Allen</u>'s application to petitioners who 'received a mandatory sentence
6   under a mandatory sentencing scheme.'" <u>Shepherd v. Unknown Party, Warden, FCI Tucson</u>, No.
7   19-15834, --- F.4th ----, 2021 WL 3085784, at *3 (9th Cir. July 22, 2021) (quoting <u>Allen v. Ives</u>,
8   976 F.3d 863, 869 (9th Cir. 2020) (W. Fletcher, J., concurring in denial for reh'g en banc)).
9   <u>Shepherd</u> cited with approval to <u>Gonzalez v. Ciolli</u>, No. 1:20-cv-00724-DAD-SKO (HC), 2021
10  WL 1016387 (E.D. Cal. Mar. 17, 2021), which "appl[ied] <u>Allen</u> to a petitioner who 'was
11  sentenced to the statutory mandatory sentence of life imprisonment,' even though the case was
12  decided after <u>Booker</u>, when the guidelines were advisory." <u>Shepherd</u>, 2021 WL 3085784, at *2
13  (quoting <u>Gonzalez,</u> 2021 WL 1016387, at *3). Similarly, here, Petitioner was sentenced to the
14  statutory mandatory sentence of life imprisonment even though Petitioner's sentence was
15  imposed after <u>Booker</u> when the guidelines were advisory.

16   Based on the foregoing, the undersigned finds that if Petitioner "is correct under <u>Mathis</u>
17  and <u>Descamps</u> that his [Missouri drug] conviction is not a conviction for a felony drug offense
18  under 21 U.S.C. § 841(b)(1)(A), he is 'actually innocent of a noncapital sentence for the purpose
19  of qualifying for the escape hatch.'" <u>Allen</u>, 950 F.3d at 1190 (quoting <u>Marrero</u>, 682 F.3d at
20  1193).

21   **B.  Unobstructed Procedural Shot**

22   The remedy under § 2255 usually will not be deemed inadequate or ineffective merely
23  because a prior § 2255 motion was denied, or because a remedy under that section is
24  procedurally barred. <u>See</u> <u>Ivy</u>, 328 F.3d at 1060 ("In other words, it is not enough that the
25  petitioner is presently barred from raising his claim of innocence by motion under § 2255. He
26  must never have had the opportunity to raise it by motion."). To determine whether a petitioner
27  never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether
28  the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal

and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." <u>Harrison</u>, 519 F.3d at 960 (quoting <u>Ivy</u>, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." <u>Alaimalo</u>, 645 F.3d at 1047 (quoting <u>Harrison</u>, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in the law creating a previously unavailable legal basis for petitioner's claim." <u>Harrison</u>, 519 F.3d at 961 (citing <u>Ivy</u>, 328 F.3d at 1060).

<u>Descamps</u> was decided before Petitioner filed his first § 2255 motion. <u>Mathis</u> was decided after the evidentiary hearing was held but before the district court ruled on Petitioner's § 2255 motion. Courts have found that "where petitioner's § 2255 motion was still pending at the time the Supreme Court effected a material change in the applicable law, he had an unobstructed chance to raise his actual innocence claim in the pending petition." <u>Alaimalo</u>, 645 F.3d at 1048 (citing <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 958, 963 (8th Cir. 2004)). However, Petitioner argues that in his case he could not amend his first § 2255 motion to incorporate a <u>Descamps</u>/<u>Mathis</u> claim because: (1) the time for amendment under Rule 15 had expired; and (2) a <u>Descamps</u>/<u>Mathis</u> claim would have been deemed time-barred by AEDPA's one-year limitation period and would not relate back to the claims originally raised in his § 2255 motion. (ECF No. 12 at 7; ECF No. 14 at 6–7).

Rule 15(b) of the Federal Rules of Civil Procedure governs amendments during and after trial[6] and provides:

> (1) *Based on an Objection at Trial*. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

---

[6] The Court assumes that an evidentiary hearing in a § 2255 proceeding is sufficiently analogous to a trial to have made Rule 15(b) applicable. <u>Cf.</u> <u>Banks v. Dretke</u>, 540 U.S. 668, 704–05 (2004) (holding, in the context of § 2254 habeas corpus proceedings, that there is "no reason why an evidentiary hearing should not qualify [as a trial for Rule 15(b) purposes] so long as the respondent gave 'any sort of consent' and had a full and fair 'opportunity to present evidence bearing on th[e] claim's resolution'" (alteration in original) (citation omitted)).

(2) *For Issues Tried by Consent*. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. Any party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b). As Petitioner's <u>Descamps</u>/<u>Mathis</u> claim was not based on an objection at the evidentiary hearing or for issues tried by consent, amendment under Rule 15(b) was not available.

Section 2255(f) provides:

A 1-year period of limitation shall apply a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the limitation period begins running on the date that the petitioner's judgment becomes final. Here, Petitioner's judgment became final on September 9, 2013, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003). The one-year limitation period commenced running the following day, September 10, 2013, and absent tolling, was set to expire on September 9, 2014. See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

<u>Mathis</u> was decided on June 23, 2016, approximately twenty-one months after the limitation period expired. In his first § 2255 motion, Petitioner "assert[ed] that defense counsel

1   provided ineffective assistance in (1) failing to convey plea offers to Petitioner; and (2) failing to

2   handle effectively a pretrial motion to suppress evidence and statements." Capps, 2018 WL

3   1335093, at *1. Therefore, a Descamps/Mathis claim would not relate back to the date of the

4   original pleading. See Mayle v. Felix, 545 U.S. 644, 650 (2005) ("An amended habeas petition,

5   we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts

6   a new ground for relief supported by facts that differ in both time and type from those the

7   original pleading set forth."). Any attempt to amend Petitioner's first § 2255 motion to

8   incorporate a Descamps/Mathis claim would have been futile both under Rule 15(b) and due to

9   the statute of limitations.

10        In Allen, the Ninth Circuit held that Allen had not had an unobstructed procedural shot at

11   presenting his actual innocence claim because "Allen's claim under Mathis and Descamps 'did

12   not become available until after the [Second] Circuit denied his § 2255 motion, and because that

13   claim does not satisfy the criteria of § 2244 for a second or successive § 2255 motion, [Allen]

14   has not had (and, indeed, will never get) an opportunity to present his . . . claim in a § 2255

15   motion' that his prior convictions were not for predicate crimes under the standard in Mathis and

16   Descamps." Allen, 950 F.3d at 1191 (alterations in original) (quoting Stephens, 464 F.3d at 898).

17        In the reply, Respondent relies on Forrest v. Jusino, No. 2:20-cv-03465-PD, 2021 WL

18   1179274 (C.D. Cal. Mar. 29, 2021), to argue that "there is no § 2241 jurisdiction even if the legal

19   basis for Petitioner's so-called *Descamps / Mathis* claim did not arise until after he had

20   exhausted his direct appeal and first § 2255 motion" because "§ 2255 via successive motion and

21   certificate of appealability, and via amendment and appeal remains available to Petitioner." (ECF

22   No. 16 at 5). The district court in Forrest found that Allen was distinguishable:

> However, unlike *Allen*, Petitioner was permitted to file a successive § 2255
> motion – the 2017 Motion – raising his challenge based on *Mathis* and *Descamps.*
> The 2017 Motion was denied because it failed to meet the gatekeeping
> requirement of § 2255(h)(2) that a second or successive motion must contain "a
> new rule of constitutional law, made retroactive to cases on collateral review by
> the Supreme Court, that was previously unavailable." *Forrest*, 934 F.3d at 777-
> 778. That the 2017 Motion was denied does not, however, mean that the remedy
> by § 2255 motion was inadequate or ineffective to test the legality of Petitioner's
> detention. As the Ninth Circuit explained in *Ivy*, "[I]t is not enough that the
> petitioner is presently barred from raising his claim of actual innocence by motion
> under § 2255. He must never have had the opportunity to raise it by motion." 328

F.3d at 1060; *see Lewis v. Salazar*, 829 F. App'x 239, 241 (9th Cir. 2020) (petitioner could not show that his remedy under § 2255 was inadequate or ineffective, even though the legal basis for his claim arose after his direct appeal and first § 2255 motion, because he had multiple opportunities to present the claim in motions for leave to file successive § 2255 motions and in another § 2241 petition).

Forrest, 2021 WL 1179274, at *5.

The Court does not find Forrest persuasive. Unlike the petitioner in Forrest, Petitioner has not been permitted to file a successive § 2255 motion. Additionally, Forrest cites to Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), and Lewis v. Salazar, 829 F. App'x 239 (9th Cir. 2020), to support its conclusion. However, the undersigned finds that Ivy and Lewis do not compel this Court to come to the same conclusion as Forrest in the instant matter.

In Ivy, the Ninth Circuit discussed with approval Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), in which the Second Circuit found that the § 2255 remedy was inadequate or ineffective because the petitioner's "claim was not based on newly discovered evidence, or a new rule of constitutional law made retroactive on collateral review, [and thus] he was procedurally barred from raising it in a second § 2255 motion." Ivy, 328 F.3d at 1060. Similarly, the Ninth Circuit has held that a claim under Mathis and Descamps "does not satisfy the criteria of § 2244 for a second or successive § 2255 motion," and if the claim did not become available until after a petitioner's first § 2255 motion, the petitioner "has not had (and, indeed, will never get) an opportunity to present his . . . claim in a § 2255 motion." Allen, 950 F.3d at 1191 (internal quotation mark omitted) (quoting Stephens, 464 F.3d at 898).

In Lewis, the petitioner did not have an opportunity to present his claim that Burrage v. United States, 571 U.S. 204 (2014), has retroactive effect during his direct appeal or first § 2255 motion. However, Lewis raised the claim in two motions for leave to file a successive § 2255 motion in the Second Circuit, which denied leave and specifically found that Burrage did not apply retroactively. Lewis also raised the claim in a § 2241 petition in the Middle District of Florida, which dismissed the petition for lack of jurisdiction and specifically concluded that Burrage did not apply retroactively. Order, Lewis v. Salazar, No. 3:18-cv-01091-SI (D. Or. Dec. 20, 2018), ECF No. 13. The Ninth Circuit affirmed the district court's dismissal because "Lewis

has already had multiple opportunities to bring his <u>Burrage</u> claim, [and] he cannot show that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." <u>Lewis</u>, 829 F. App'x at 241.

Respondent argues that Petitioner has had opportunities to raise his actual innocence claim in an amended § 2255 motion, a successive § 2255 motion,[7] and a compassionate release motion under 18 U.S.C. § 3582. (ECF No. 16 at 5–6). However, unlike in <u>Lewis</u> where the courts specifically addressed Petitioner's <u>Burrage</u> retroactivity claim, Petitioner's <u>Descamps</u>/<u>Mathis</u> claim has never been specifically addressed. In the motion for leave to amend his § 2255 motion, Petitioner argued that the First Step Act should be retroactively applicable and requested an evidentiary hearing to verify whether his prior felony drug offenses satisfy the definition for "felony drug offense" after <u>Mathis</u>. Motion, <u>Capps</u>, No. 1:11-cr-00108-AGF (E.D. Mo. Jan. 11, 2019), ECF No. 117. In denying relief under the First Step Act, the district court did not address Petitioner's <u>Mathis</u> claim. Order, <u>Capps</u>, No. 1:11-cr-00108-AGF (E.D. Mo. Apr. 24, 2019), ECF No. 123. Although in his compassionate release motion Petitioner asserts that he would not be subject to a mandatory life sentence if he was sentenced today due to the First Step Act, Petitioner does not specifically raise an actual innocence claim under <u>Mathis</u> and <u>Descamps</u>.[8] Motion, <u>Capps</u>, No. 1:11-cr-00108-AGF (E.D. Mo. Dec. 30, 2019), ECF No. 126.

The Court finds that Petitioner's case is more akin to <u>Allen</u> than <u>Forrest</u> or <u>Lewis</u>. Petitioner's claim under <u>Mathis</u> and <u>Descamps</u> did not become available until after the evidentiary hearing was held on Petitioner's § 2255 motion. As set forth above, Petitioner's <u>Descamps</u>/<u>Mathis</u> claim was not based on an objection at the evidentiary hearing or for issues tried by consent, and thus, amendment under Rule 15(b) was not available. <u>Mathis</u> was decided approximately twenty-one months after the limitation period expired, and Petitioner's

---

[7] Although Respondent refers to a successive § 2255 motion, Respondent does not provide a citation to the relevant document. (ECF No. 16 at 6).

[8] In the reply, Respondent states that because both Petitioner's pending compassionate release motion and the instant § 2241 petition "seek relief based on whether state prior convictions qualify for life sentencing, Respondent submits [that] this Court may <i>sua sponte</i> stay this matter" in order to "conserve judicial and government resources, prevent conflicting rulings on overlapping claims and issues, and ensure against resulting collateral case confusion." (ECF No. 16 at 6 n.3). Given that Petitioner's compassionate release motion focuses on the First Step Act rather than <u>Mathis</u> and <u>Descamps</u>, the Court finds that the issues do not sufficiently overlap such that a stay in this matter is warranted.

1  Descamps/Mathis claim did not relate back to the claims of the original timely pleading.

2  Therefore, as any attempt to amend Petitioner's first § 2255 motion to incorporate a

3  Descamps/Mathis claim would have been futile, "and because that claim does not satisfy the

4  criteria of § 2244 for a second or successive § 2255 motion, [Petitioner] has not had (and, indeed,

5  will never get) an opportunity to present his . . . claim in a § 2255 motion' that his prior

6  convictions were not for predicate crimes under the standard in Mathis and Descamps." Allen,

7  950 F.3d at 1191 (quoting Stephens, 464 F.3d at 898). Cf. Meeks v. McClintock, No. CV-12-

8  00335-TUC-RCC, 2015 WL 4524002, at *8 (D. Ariz. July 24, 2015) (finding that "Respondent

9  has failed to provide any pertinent or persuasive reason to support the conclusion that Plaintiff

10  fails to show that he was denied an unobstructed procedural shot to present his claim" where

11  § 2255 action was pending before the appellate court when new decision effected a material

12  change in applicable law and "it is not clear what recourse he would have had to amend his

13  motion to add a claim [pursuant to new decision], and Respondent does not suggest that such

14  amendment was viable").

15      Petitioner has shown that he did not have an unobstructed procedural shot to assert his

16  actual innocence claim. Based on the Supreme Court's decision in Mathis, Petitioner is now able

17  to argue that (1) the categorical approach should apply to Missouri Revised Statute §§ 195.202

18  and 195.211, and (2) his prior convictions under Missouri Revised Statute §§ 195.202 and

19  195.211 are not a "felony drug offense" under the categorical approach.[9]

20  ///

21

22  [9] The language in the petition is contradictory. For example, the petition also states that "[b]ecause these statutes as a whole 'comprises multiple, alternative versions of the crimes,' the statutes are divisible and subject to the *modified*

23  categorical approach." (ECF No. 1 at 15 (emphasis added)). In light of the petition's contradictory language, the Court construes Petitioner's claim to be that the categorical approach should apply to his prior Missouri convictions and that his prior convictions do not qualify as a "felony drug offense" triggering a mandatory term of life

24  imprisonment under 21 U.S.C. § 841(b)(1)(A). See United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. We are specifically directed to construe pro se pleadings liberally. This duty

25  applies equally to pro se motions and with special force to filings from pro se inmates." (internal quotation marks and citations omitted)). To construe otherwise would require the Court to dismiss the petition because a claim that

26  the modified categorical approach should apply would not have been foreclosed by existing Eighth Circuit precedent at the time of Petitioner's direct appeal and when Petitioner filed his first § 2255 motion. See Mathis, 136 S. Ct. at

27  2250–51 (reversing the Eighth Circuit, which had recognized an exception to the general rule and applied the modified categorical approach "when a statute happens to list various means by which a defendant can satisfy an

28  element").

1    **C.  Conclusion**

2    "[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . .

3    requirements." <u>Muth v. Fondren</u>, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner "(1) makes a

4    claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting

5    that claim," <u>Stephens</u>, 464 F.3d at 898, Petitioner may proceed under § 2241 pursuant to the

6    escape hatch.

7                                    **III.**

8                           **RECOMMENDATION**

9         Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's

10   motion to dismiss (ECF No. 10) be DENIED.

11        This Findings and Recommendation is submitted to the assigned United States District

12   Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

13   Rules of Practice for the United States District Court, Eastern District of California. Within

14   **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file

15   written objections with the court and serve a copy on all parties. Such a document should be

16   captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

17   objections shall be served and filed within fourteen (14) days after service of the objections. The

18   assigned United States District Court Judge will then review the Magistrate Judge's ruling

19   pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within

20   the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v.</u>

21   <u>Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th

22   Cir. 1991)).

23

24   IT IS SO ORDERED.

25   Dated:  __August 4, 2021__

                                        UNITED STATES MAGISTRATE JUDGE

26

27

28

14