# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CAPPS,<br><br>   Petitioner,<br><br>   v.<br><br>CIOLLI,<br><br>   Respondent. | Case No. 1:20-cv-00766-AWI-SAB-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING RESPONDENT'S MOTION TO DISMISS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE<br><br>(ECF Nos. 10, 17) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 4, 2021, the Magistrate Judge issued Findings and Recommendation that recommended Respondent's motion to dismiss be denied. (ECF No. 17). On August 16, 2021, Respondent filed objections. (ECF No. 18). On August 26, 2021, Petitioner filed a reply to the objections. (ECF No. 20).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondent's objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendation.

///

"Generally, motions to contest the legality of a sentence must be filed under § 2255," *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000), but a "federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention,'" *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted).

> In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998): "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623, 118 S.Ct. 1604 (internal quotation marks omitted); *see also Lorentsen,* 223 F.3d at 954 (quoting this passage from *Bousley*).

*Stephens*, 464 F.3d at 898.

In *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012), the Ninth Circuit "left open the 'question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch.'" *Allen v. Ives*, 950 F.3d 1184, 1189 (9th Cir. 2020) (quoting *Marrero*, 682 F.3d at 1193). In *Allen v. Ives*, that question was answered in the affirmative. 950 F.3d at 1189–90. The petitioner in *Allen* "filed a § 2241 petition, relying on *Mathis* and *Descamps*, to challenge his sentence as a career offender." *Shepherd v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1077 (9th Cir. 2021) (citing *Allen*, 950 F.3d at 1188–89). The petitioner had been sentenced when the sentencing guidelines were mandatory, and the Ninth Circuit "held that the defendant could establish actual innocence of the mandatory sentencing enhancement" for purposes of qualifying for the escape hatch. *Shepherd*, 5 F.4th at 1077 (citing *Allen*, 950 F.3d at 1189–90). Subsequently, the Ninth Circuit clarified that "based on our reasoning in *Allen*, the concurrence to the denial of rehearing en banc in that case, and persuasive precedent from other circuits and district courts within our own circuit, we limit

*Allen*'s application to petitioners who 'received a mandatory sentence under a mandatory sentencing scheme.'" *Shepherd*, 5 F.4th at 1078 (quoting *Allen v. Ives*, 976 F.3d 863, 869 (9th Cir. 2020) (W. Fletcher, J., concurring in denial of reh'g en banc)).

In this case, Petitioner was sentenced to a statutory mandatory sentence of life imprisonment post-*Booker*. The undersigned has previously applied *Allen* to a petitioner who was sentenced to a statutory mandatory sentence of life imprisonment post-*Booker*, as has another district judge in this district. *See Lii v. Ciolli*, No. 1:20-cv-00786-AWI-EPG, 2021 U.S. Dist. LEXIS 97930 (E.D. Cal. May 24, 2021), *adopting findings and recommendation*, 2021 U.S. Dist. LEXIS 68181 (E.D. Cal. Apr. 5, 2021); *Gonzalez v. Ciolli*, No. 1:20-cv-00724-DAD-SKO, 2021 U.S. Dist. LEXIS 50406, at *8–9 (E.D. Cal. Mar. 16, 2021) ("The fact that petitioner was sentenced post-*Booker* when the sentencing guidelines were advisory is irrelevant to the determination of whether petitioner can satisfy the demanding actual innocence exception to qualify for the escape hatch jurisdiction under 28 U.S.C. § 2255(e). Petitioner was sentenced to the statutory mandatory sentence of life imprisonment pursuant to 21 U.S.C. §§ 841, 851 – a mandatory sentence under a mandatory sentencing scheme as described by the Ninth Circuit in *Allen*. Accordingly, the undersigned declines to adopt the magistrate judge's recommendation that this case be summarily dismissed due to lack of jurisdiction.").

In the objections, Respondent argues that *Allen* is "limited to cases wherein a defendant, unlike Petitioner Capps, received a pre-*Booker* mandatory guideline sentence," and that there is no § 2241 jurisdiction for petitioners sentenced under the advisory sentencing guidelines. (ECF No. 18 at 1, 2). Here, however, Petitioner did not receive an advisory guidelines sentence, but was sentenced to a statutory mandatory sentence of life imprisonment. Further, the decisions cited by Respondent in support of this argument are distinguishable from the instant matter because they involved a plea-bargained "term of imprisonment not to exceed the low end of the applicable guidelines range, as determined by the Court at the time of sentencing," *Jaramillo v. United States*, No. CV-19-8017-PCT-SPL (JFM), 2020 U.S. Dist. LEXIS 83075, at *3 (D. Ariz. May 11, 2020), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 98123 (D. Ariz. June 4, 2020), and a "sentence[] under the advisory sentencing guidelines," *McKenzie v.*

*Martinez*, No. EDCV 20-1419-VAP (KK), 2021 U.S. Dist. LEXIS 51696, at *7 (C.D. Cal. Jan. 12, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 66853 (C.D. Cal. Apr. 5, 2021), rather than a statutory mandatory sentence like Petitioner.

Respondent also contends that "[f]ollowing *Shepherd*, this Court has consistently recommended denial of jurisdiction under § 2241 to petitioners claiming *Allen* actual innocence to post-*Booker*, advisory guidelines, sentence enhancement." (ECF No. 18 at 3). Again, Petitioner did not receive an advisory guidelines sentence, and the cases to which Respondent cites are distinguishable because they involved an "accepted plea-bargained . . . sentence," *Barrett v. Ciolli*, No. 1:20-cv-00599-HBK, 2021 U.S. Dist. LEXIS 139050, at *3 (E.D. Cal. July 26, 2021), and "a sentence . . . which was at the low end of the advisory sentencing guidelines," *Nichols v. Ciolli*, No. 1:20-cv-00785-NONE-HBK, 2021 U.S. Dist. LEXIS 152227, at *3 (E.D. Cal. Aug. 12, 2021) (internal quotation marks and citation omitted), rather than a statutory mandatory sentence like Petitioner.

Respondent fails to demonstrate how Petitioner's statutory mandatory sentence of life imprisonment is not "a mandatory sentence under a mandatory sentencing scheme." *Shepherd*, 5 F.4th at 1078 (internal quotation marks and citation omitted). Accordingly, the Court finds that *Allen* is applicable and that Petitioner may proceed with his § 2241 petition pursuant to the escape hatch.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on August 4, 2021 (ECF No. 17) is ADOPTED IN FULL;
2. Respondent's motion to dismiss (ECF No. 10) is DENIED; and
3. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: September 2, 2021

_____
SENIOR DISTRICT JUDGE