# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RAY CAPPS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CIOLLI,<br><br>　　　　Respondent. | Case No. 1:20-cv-00766-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO END STAY WITHOUT PREJUDICE AND DENYING RESPONDENT'S MOTION TO DISMISS<br><br>ORDER DIRECTING RESPONDENT TO FILE STATUS REPORT BY AUGUST 15, 2022<br><br>(ECF Nos. 31, 33) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 25, 26).

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1).[1] Petitioner was found guilty of possession with intent to distribute fifty grams or more of methamphetamine and was sentenced to a mandatory term of life in prisoner under 21 U.S.C. § 841(b)(1)(A)(viii). United States v. Capps, 716 F.3d 494, 495–96 (8th Cir. 2013).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On June 2, 2020, Petitioner filed the instant petition for writ of habeas corpus, asserting that his prior Missouri drug convictions are not qualifying predicates for § 851 enhancement under <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), and <u>Descamps v. United States</u>, 570 U.S. 254 (2013). (ECF No. 1). Respondent filed a motion to dismiss, arguing that Petitioner's claims may not be raised under § 2241 and no escape hatch exception applies. (ECF No. 10). On September 2, 2021, the Court denied the motion to dismiss. (ECF No. 22).

In lieu of filing an answer to the petition, Respondent moved to stay the instant proceeding pending adjudication of Petitioner's 18 U.S.C. § 3582 motion for compassionate release by the United States District Court for the Eastern District of Missouri. (ECF No. 28). On December 21, 2021, the Court granted the stay because both the § 2241 petition before this Court and Petitioner's supplemental authority in support of his 18 U.S.C. § 3582 motion for compassionate release filed in the sentencing court raise similar issues regarding whether Petitioner's prior state convictions qualify for enhanced sentencing. (ECF No. 29).

Petitioner now moves to end the stay, arguing that relief under 18 U.S.C. § 3582 is discretionary in nature unlike habeas relief available under 28 U.S.C. § 2241. (ECF No. 31). Respondent moves for the stay to "be lifted subject to this Court entering an order dismissing the instant petition and, alternatively, moves to continue the stay pending resolution of Petitioner's EDMO § 3582 motion." (ECF No. 33 at 2).

## II.

## DISCUSSION

Both the 28 U.S.C. § 2241 petition before this Court and Petitioner's supplemental authority in support of his 18 U.S.C. § 3582 motion for compassionate release filed in the sentencing court raise similar issues regarding whether Petitioner's prior state convictions qualify for enhanced sentencing. <u>See</u> Notice, <u>United States v. Capps</u>, No. 1:11-cr-00108-AGF (E.D. Mo. Dec. 28, 2020), ECF No. 133.[2] Previously, this Court found "that the objective of

---

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). <u>See also</u> <u>United States v. Raygoza-Garcia</u>, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

judicial efficiency is served by staying the instant proceeding pending resolution of Petitioner's 18 U.S.C. § 3582 motion for compassionate release in the Eastern District of Missouri." (ECF No. 29 at 1–2). However, the Court noted "that such a stay should not be indefinite, and the Court may revisit the stay in the event that resolution of the § 3582 motion is unduly prolonged." (Id. at 2 n.2).

Petitioner's § 3582 motion for compassionate release was filed on December 30, 2019, and his supplemental authority in support of his 18 U.S.C. § 3582 motion for compassionate release was filed on December 28, 2020. (ECF No. 33-1 at 14). To date, almost two and a half years later, Petitioner's § 3582 motion for compassionate release remains pending. The Court will continue the stay at this time. However, if Petitioner's § 3582 motion for compassionate release has not been decided by August 31, 2022, the Court will reconsider Petitioner's request to lift the stay.

### III.

### ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion to end stay (ECF No. 31) is DENIED WITHOUT PREJUDICE;
2. Respondent's motion to dismiss (ECF No. 33) is DENIED; and
3. Respondent is DIRECTED to file a report by September 2, 2022 advising of the status of Petitioner's § 3582 motion for compassionate release.

IT IS SO ORDERED.

Dated: __May 16, 2022__

UNITED STATES MAGISTRATE JUDGE