# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RAY CAPPS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CIOLLI,<br><br>　　　　Respondent. | Case No. 1:20-cv-00766-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR EXPEDITED ADJUDICATION OR IMMEDIATE RELEASE<br><br>(ECF No. 35) |

　　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 25–27).

　　　　Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1).[1] Petitioner was found guilty of possession with intent to distribute fifty grams or more of methamphetamine and was sentenced to a mandatory term of life in prisoner under 21 U.S.C. § 841(b)(1)(A)(viii). United States v. Capps, 716 F.3d 494, 495–96 (8th Cir. 2013).

　　　　On June 2, 2020, Petitioner filed a petition for writ of habeas corpus, asserting that his prior Missouri drug convictions are not qualifying predicates for § 851 enhancement under Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United States, 570 U.S. 254

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  (2013). (ECF No. 1). Respondent filed a motion to dismiss, arguing that Petitioner's claims may
2  not be raised under § 2241 and no escape hatch exception applies. (ECF No. 10). On September
3  2, 2021, the Court denied the motion to dismiss. (ECF No. 22).

4  In lieu of filing an answer to the petition, Respondent moved to stay the instant
5  proceeding pending adjudication of Petitioner's 18 U.S.C. § 3582 motion for compassionate
6  release by the United States District Court for the Eastern District of Missouri. (ECF No. 28). On
7  December 21, 2021, the Court granted the stay because both the § 2241 petition before this Court
8  and Petitioner's supplemental authority in support of his 18 U.S.C. § 3582 motion for
9  compassionate release filed in the sentencing court raise similar issues regarding whether
10 Petitioner's prior state convictions qualify for enhanced sentencing. (ECF No. 29).

11 Subsequently, Petitioner moved to end the stay, arguing that relief under 18 U.S.C.
12 § 3582 is discretionary in nature unlike habeas relief available under 28 U.S.C. § 2241. (ECF No.
13 31). In response, Respondent moved for the stay to "be lifted subject to this Court entering an
14 order dismissing the instant petition and, alternatively, moves to continue the stay pending
15 resolution of Petitioner's EDMO § 3582 motion." (ECF No. 33 at 2). On May 17, 2022, the
16 Court denied Petitioner's motion to end the stay without prejudice. However, the Court noted
17 that it will reconsider Petitioner's request to lift the stay if Petitioner's § 3582 motion for
18 compassionate release had not been decided by August 31, 2022. (ECF No. 34).

19 Now before the Court is Petitioner's motion for expedited adjudication of motion under
20 28 U.S.C. § 2241 or immediate release from custody. (ECF No. 35). The motion is dated May
21 17, 2022—the same date on which the Court issued its most recent order regarding the stay.[2]
22 Therefore, Petitioner had not received the Court's order when he mailed the instant motion. In
23 light of the Court's previous order indicating that it will reconsider Petitioner's request to lift the
24 stay if Petitioner's § 3582 motion for compassionate release has not been decided by August 31,
25 2022, the Court will deny Petitioner's motion for expedited adjudication.

26 ///

27 ///

---

28 [2] The order was signed on May 16, 2022, but it was not docketed until May 17, 2022. (ECF No. 34).

1    Accordingly, the Court HEREBY ORDERS that Petitioner's motion for expedited
2 adjudication of motion under 28 U.S.C. § 2241 or immediate release from custody (ECF No. 35)
3 is DENIED.

IT IS SO ORDERED.

Dated:  **May 25, 2022**

UNITED STATES MAGISTRATE JUDGE