# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RAY CAPPS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CIOLLI,<br><br>　　　　Respondent. | Case No. 1:20-cv-00766-SAB-HC<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND DENYING ALTERNATIVE MOTION TO CONTINUE STAY<br><br>(ECF No. 37)<br><br>ORDER LIFTING STAY<br><br>ORDER TO FILE ANSWER AND SETTING BRIEFING SCHEDULE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 25, 26.)

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1.)[1] Petitioner was found guilty of possession with intent to distribute fifty grams or more of methamphetamine and was sentenced to a mandatory term of life in

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  prison under 21 U.S.C. § 841(b)(1)(A)(viii). United States v. Capps, 716 F.3d 494, 495–96 (8th
2  Cir. 2013).

3   On June 2, 2020, Petitioner filed the instant petition for writ of habeas corpus, asserting
4  that his prior Missouri drug convictions are not qualifying predicates for § 851 enhancement
5  under Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United States, 570 U.S.
6  254 (2013). (ECF No. 1.) Respondent filed a motion to dismiss, arguing that Petitioner's claims
7  may not be raised under § 2241 and no escape hatch exception applies. (ECF No. 10.) On
8  September 2, 2021, the Court denied the motion to dismiss. (ECF No. 22.)

9   On September 7, 2021, the Court ordered Respondent to file an answer to the petition.
10 (ECF No. 23.) In lieu of filing an answer to the petition, Respondent moved to stay the instant
11 proceeding pending adjudication of Petitioner's 18 U.S.C. § 3582 motion for compassionate
12 release by the United States District Court for the Eastern District of Missouri. (ECF No. 28.) On
13 December 21, 2021, the Court granted the stay because both the § 2241 petition before this Court
14 and Petitioner's supplemental authority in support of his 18 U.S.C. § 3582 motion for
15 compassionate release filed in the sentencing court raise similar issues regarding whether
16 Petitioner's prior state convictions qualify for enhanced sentencing. (ECF No. 29.)

17  Petitioner subsequently moved to the end the stay, arguing that relief under 18 U.S.C.
18 § 3582 is discretionary in nature unlike habeas relief available under 28 U.S.C. § 2241. (ECF No.
19 31.) In response, Respondent moved for the stay to "be lifted subject to this Court entering an
20 order dismissing the instant petition and, alternatively, moves to continue the stay pending
21 resolution of Petitioner's EDMO § 3582 motion." (ECF No. 33 at 2.) On May 17, 2022, The
22 Court denied Petitioner's motion to end stay without prejudice, denied Respondent's motion to
23 dismiss, and directed Respondent to file a report by September 2, 2022, advising of the status of
24 Petitioner's § 3582 motion for compassionate release. (ECF No. 34.)

25  On September 1, 2022, Respondent filed a report informing the Court that Petitioner's
26 § 3582 remains pending. Respondent renews its motion to dismiss or, alternatively, moves to
27 continue the stay. (ECF No. 37.) Petitioner filed an opposition. (ECF No. 38.)
28 ///

2

## II.

## DISCUSSION

### A. Motion to Dismiss

Respondent renews its motion to dismiss, arguing that Petitioner was not foreclosed a challenging shot at presenting his actual innocence claim given that "Petitioner now has via § 3582 plainly raised the claim in" the sentencing court. (ECF No. 37 at 2–3.)

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003)). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.").

To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61). "An intervening court decision must 'effect a

3

material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (citing Ivy, 328 F.3d at 1060).

This Court previously found that Petitioner did not have an unobstructed procedural shot to assert his actual innocence claim, stating in pertinent part:

> Mathis was decided on June 23, 2016, approximately twenty-one months after the limitation period expired. In his first § 2255 motion, Petitioner "assert[ed] that defense counsel provided ineffective assistance in (1) failing to convey plea offers to Petitioner; and (2) failing to handle effectively a pretrial motion to suppress evidence and statements." Capps, 2018 WL 1335093, at *1. Therefore, a Descamps/Mathis claim would not relate back to the date of the original pleading. See Mayle v. Felix, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). Any attempt to amend Petitioner's first § 2255 motion to incorporate a Descamps/Mathis claim would have been futile both under Rule 15(b) and due to the statute of limitations.
>
> In Allen, the Ninth Circuit held that Allen had not had an unobstructed procedural shot at presenting his actual innocence claim because "Allen's claim under Mathis and Descamps 'did not become available until after the [Second] Circuit denied his § 2255 motion, and because that claim does not satisfy the criteria of § 2244 for a second or successive § 2255 motion, [Allen] has not had (and, indeed, will never get) an opportunity to present his . . . claim in a § 2255 motion' that his prior convictions were not for predicate crimes under the standard in Mathis and Descamps." Allen, 950 F.3d at 1191 (alterations in original) (quoting Stephens, 464 F.3d at 898).
>
> In the reply, Respondent relies on Forrest v. Jusino, No. 2:20-cv-03465-PD, 2021 WL 1179274 (C.D. Cal. Mar. 29, 2021), to argue that "there is no § 2241 jurisdiction even if the legal basis for Petitioner's so-called *Descamps* / *Mathis* claim did not arise until after he had exhausted his direct appeal and first § 2255 motion" because "§ 2255 via successive motion and certificate of appealability, and via amendment and appeal remains available to Petitioner." (ECF No. 16 at 5). The district court in Forrest found that Allen was distinguishable:
>
>> However, unlike *Allen*, Petitioner was permitted to file a successive § 2255 motion – the 2017 Motion – raising his challenge based on *Mathis* and *Descamps*. The 2017 Motion was denied because it failed to meet the gatekeeping requirement of § 2255(h)(2) that a second or successive motion must contain "a new rule of constitutional law, made retroactive to cases on collateral

4

> review by the Supreme Court, that was previously unavailable." *Forrest*, 934 F.3d at 777-778. That the 2017 Motion was denied does not, however, mean that the remedy by § 2255 motion was inadequate or ineffective to test the legality of Petitioner's detention. As the Ninth Circuit explained in *Ivy*, "[I]t is not enough that the petitioner is presently barred from raising his claim of actual innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." 328 F.3d at 1060; *see Lewis v. Salazar*, 829 F. App'x 239, 241 (9th Cir. 2020) (petitioner could not show that his remedy under § 2255 was inadequate or ineffective, even though the legal basis for his claim arose after his direct appeal and first § 2255 motion, because he had multiple opportunities to present the claim in motions for leave to file successive § 2255 motions and in another § 2241 petition).

Forrest, 2021 WL 1179274, at *5.

The Court does not find Forrest persuasive. Unlike the petitioner in Forrest, Petitioner has not been permitted to file a successive § 2255 motion. Additionally, Forrest cites to Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), and Lewis v. Salazar, 829 F. App'x 239 (9th Cir. 2020), to support its conclusion. However, the undersigned finds that Ivy and Lewis do not compel this Court to come to the same conclusion as Forrest in the instant matter.

In Ivy, the Ninth Circuit discussed with approval Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), in which the Second Circuit found that the § 2255 remedy was inadequate or ineffective because the petitioner's "claim was not based on newly discovered evidence, or a new rule of constitutional law made retroactive on collateral review, [and thus] he was procedurally barred from raising it in a second § 2255 motion." Ivy, 328 F.3d at 1060. Similarly, the Ninth Circuit has held that a claim under Mathis and Descamps "does not satisfy the criteria of § 2244 for a second or successive § 2255 motion," and if the claim did not become available until after a petitioner's first § 2255 motion, the petitioner "has not had (and, indeed, will never get) an opportunity to present his . . . claim in a § 2255 motion." Allen, 950 F.3d at 1191 (internal quotation mark omitted) (quoting Stephens, 464 F.3d at 898).

In Lewis, the petitioner did not have an opportunity to present his claim that Burrage v. United States, 571 U.S. 204 (2014), has retroactive effect during his direct appeal or first § 2255 motion. However, Lewis raised the claim in two motions for leave to file a successive § 2255 motion in the Second Circuit, which denied leave and specifically found that Burrage did not apply retroactively. Lewis also raised the claim in a § 2241 petition in the Middle District of Florida, which dismissed the petition for lack of jurisdiction and specifically concluded that Burrage did not apply retroactively. Order, Lewis v. Salazar, No. 3:18-cv-01091-SI (D. Or. Dec. 20, 2018), ECF No. 13. The Ninth Circuit affirmed the district court's dismissal because "Lewis has already had multiple opportunities to bring his Burrage claim, [and] he cannot show that his remedy under § 2255 is

inadequate or ineffective to test the legality of his detention." Lewis, 829 F. App'x at 241.

Respondent argues that Petitioner has had opportunities to raise his actual innocence claim in an amended § 2255 motion, a successive § 2255 motion,[2][n.7] and a compassionate release motion under 18 U.S.C. § 3582. (ECF No. 16 at 5–6). However, unlike in Lewis where the courts specifically addressed Petitioner's Burrage retroactivity claim, Petitioner's Descamps/Mathis claim has never been specifically addressed. In the motion for leave to amend his § 2255 motion, Petitioner argued that the First Step Act should be retroactively applicable and requested an evidentiary hearing to verify whether his prior felony drug offenses satisfy the definition for "felony drug offense" after Mathis. Motion, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Jan. 11, 2019), ECF No. 117. In denying relief under the First Step Act, the district court did not address Petitioner's Mathis claim. Order, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Apr. 24, 2019), ECF No. 123. Although in his compassionate release motion Petitioner asserts that he would not be subject to a mandatory life sentence if he was sentenced today due to the First Step Act, Petitioner does not specifically raise an actual innocence claim under Mathis and Descamps.[3][n.8] Motion, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Dec. 30, 2019), ECF No. 126.

The Court finds that Petitioner's case is more akin to Allen than Forrest or Lewis. Petitioner's claim under Mathis and Descamps did not become available until after the evidentiary hearing was held on Petitioner's § 2255 motion. As set forth above, Petitioner's Descamps/Mathis claim was not based on an objection at the evidentiary hearing or for issues tried by consent, and thus, amendment under Rule 15(b) was not available. Mathis was decided approximately twenty-one months after the limitation period expired, and Petitioner's Descamps/Mathis claim did not relate back to the claims of the original timely pleading. Therefore, as any attempt to amend Petitioner's first § 2255 motion to incorporate a Descamps/Mathis claim would have been futile, "and because that claim does not satisfy the criteria of § 2244 for a second or successive § 2255 motion, [Petitioner] has not had (and, indeed, will never get) an opportunity to present his . . . claim in a § 2255 motion' that his prior convictions were not for predicate crimes under the standard in Mathis and Descamps." Allen, 950 F.3d at 1191 (quoting Stephens, 464 F.3d at 898). Cf. Meeks v. McClintock, No. CV-12-00335-TUC-RCC, 2015 WL 4524002, at *8 (D. Ariz. July 24, 2015) (finding that "Respondent has failed to provide any pertinent or persuasive reason to support the conclusion that Plaintiff fails to show that he was denied an unobstructed

---

[2] [n.7] Although Respondent refers to a successive § 2255 motion, Respondent does not provide a citation to the relevant document. (ECF No. 16 at 6).

[3] [n.8] In the reply, Respondent states that because both Petitioner's pending compassionate release motion and the instant § 2241 petition "seek relief based on whether state prior convictions qualify for life sentencing, Respondent submits [that] this Court may *sua sponte* stay this matter" in order to "conserve judicial and government resources, prevent conflicting rulings on overlapping claims and issues, and ensure against resulting collateral case confusion." (ECF No. 16 at 6 n.3). Given that Petitioner's compassionate release motion focuses on the First Step Act rather than Mathis and Descamps, the Court finds that the issues do not sufficiently overlap such that a stay in this matter is warranted.

procedural shot to present his claim" where § 2255 action was pending before the appellate court when new decision effected a material change in applicable law and "it is not clear what recourse he would have had to amend his motion to add a claim [pursuant to new decision], and Respondent does not suggest that such amendment was viable").

Petitioner has shown that he did not have an unobstructed procedural shot to assert his actual innocence claim. Based on the Supreme Court's decision in Mathis, Petitioner is now able to argue that (1) the categorical approach should apply to Missouri Revised Statute §§ 195.202 and 195.211, and (2) his prior convictions under Missouri Revised Statute §§ 195.202 and 195.211 are not a "felony drug offense" under the categorical approach.[4][n.9]

(ECF No. 17 at 9–13 (footnotes in original).)

Respondent renews the argument that Petitioner has had an unobstructed procedural shot to assert his actual innocence claim in his § 3582 motion for compassionate release. As noted in the findings and recommendation, which was adopted in full by the District Judge, the compassionate release motion itself "focuses on the First Step Act rather than Mathis and Descamps." (ECF No. 17 at 12 n.8.) However, Petitioner's supplemental authority in support of his 18 U.S.C. § 3582 motion for compassionate release does specifically raise Mathis and Descamps,[5] which is the basis for the stay currently in place in this matter. Nonetheless, the fact that Petitioner's supplemental authority in support of his 18 U.S.C. § 3582 motion for compassionate release specifically raises Mathis and Descamps does not necessarily mean that

---

[4] [n.9] The language in the petition is contradictory. For example, the petition also states that "[b]ecause these statutes as a whole 'comprises multiple, alternative versions of the crimes,' the statutes are divisible and subject to the modified categorical approach." (ECF No. 1 at 15 (emphasis added)). In light of the petition's contradictory language, the Court construes Petitioner's claim to be that the categorical approach should apply to his prior Missouri convictions and that his prior convictions do not qualify as a "felony drug offense" triggering a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). See United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. We are specifically directed to construe pro se pleadings liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates." (internal quotation marks and citations omitted)). To construe otherwise would require the Court to dismiss the petition because a claim that the modified categorical approach should apply would not have been foreclosed by existing Eighth Circuit precedent at the time of Petitioner's direct appeal and when Petitioner filed his first § 2255 motion. See Mathis, 136 S. Ct. at 2250–51 (reversing the Eighth Circuit, which had recognized an exception to the general rule and applied the modified categorical approach "when a statute happens to list various means by which a defendant can satisfy an element").

[5] Notice, United States v. Capps, No. 1:11-cr-00108-AGF (E.D. Mo. Dec. 28, 2020), ECF No. 133. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

1 the § 3582 motion itself constitutes an unobstructed procedural shot.[6] The Mathis and Descamps
2 issue may not be addressed by the sentencing court in ruling on the § 3582 motion,[7] and
3 Respondent has not cited to any authority holding that a § 3582 motion for compassionate
4 release constitutes an unobstructed procedural shot for purposes of the escape hatch. Further, as
5 previously found by this Court, because any attempt to amend Petitioner's first § 2255 motion to
6 incorporate a Descamps/Mathis claim would have been futile, "and because that claim does not
7 satisfy the criteria of § 2244 for a second or successive § 2255 motion, [Petitioner] has not had
8 (and, indeed, will never get) an opportunity to present his . . . claim in a § 2255 motion' that his
9 prior convictions were not for predicate crimes under the standard in Mathis and Descamps."
10 Allen, 950 F.3d at 1191 (quoting Stephens, 464 F.3d at 898). Based on the foregoing,
11 Respondent's motion to dismiss is denied.

**B. Stay**

In the alternative, Respondent requests that this matter continue to be stayed until the sentencing court rules on Petitioner's § 3582 motion. (ECF No. 37.) The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

---

[6] The Court notes that when a defendant moves for compassionate release under §3582(c)(1)(A), a district court may reduce the defendant's term of imprisonment only if the following four conditions are met: "(1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." United States v. Chen, 48 F.4th 1092, 1094–95 (9th Cir. 2022).

[7] The Court notes that since the stay was issued in this proceeding, attorneys have entered appearances on behalf of Petitioner in the sentencing court. The supplemental brief in support of the § 3582 motion that was filed by Petitioner's counsel does not cite to Mathis or Descamps. Rather, it argues that "[h]ad Capps been sentenced today, he would not have been subject to such a harsh mandatory sentence" and that "his family circumstances, considered along with his personal rehabilitation, give rise to 'extraordinary and compelling circumstances' warranting relief." Supp. Br. 1, Capps, No. 1:11-cr-00108-AGF (E.D. Mo. July 11, 2022), ECF No. 149.

Here, Respondent has not met the burden in establishing that continuing the stay is warranted at this juncture. On December 21, 2021, the Court granted the stay because both the § 2241 petition before this Court and Petitioner's supplemental authority in support of his 18 U.S.C. § 3582 motion for compassionate release filed in the sentencing court raise similar issues regarding whether Petitioner's prior state convictions qualify for enhanced sentencing. (ECF No. 29.) However, the stay in this matter has been in place for more than one year. Petitioner's § 3582 motion was filed on December 30, 2019, and his supplemental authority in support of his 18 U.S.C. § 3582 motion for compassionate release was filed on December 28, 2020. (ECF No. 33-1 at 14.) To date, more than three years later, Petitioner's § 3582 motion for compassionate release remains pending. Given the length of the stay, and the possibility that the sentencing court may not even squarely address the Mathis and Descamps issue in deciding Petitioner's § 3582 motion for compassionate release, the Court finds that the stay is no longer warranted.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss and motion to continue stay (ECF No. 37) is DENIED.
2. The stay in this matter is LIFTED.
3. Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE an ANSWER addressing the merits of the Petition.[8] Any argument by Respondent that Petitioner has procedurally defaulted a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted. See Rule 4, Rules Governing Section 2254 Cases;[9] Cluchette v. Rushen, 770 F.2d 1469, 1473–74 (9th Cir. 1985) (court has discretion to fix time for filing a response).

---

[8] As noted in the findings and recommendation, which was adopted in full by the District Judge, the Court has "construe[d] Petitioner's claim to be that the categorical approach should apply to his prior Missouri convictions and that his prior convictions do not qualify as a 'felony drug offense' triggering a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A)" because "[t]o construe otherwise would require the Court to dismiss the petition because a claim that the modified categorical approach should apply would not have been foreclosed by existing Eighth Circuit precedent at the time of Petitioner's direct appeal and when Petitioner filed his first § 2255 motion." (ECF No. 17 at 13 n.9.)

[9] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

4. Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5(c), Rules Governing Section 2254 Cases. **The transcripts or other documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.**

5. Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

IT IS SO ORDERED.

Dated: **March 30, 2023**

UNITED STATES MAGISTRATE JUDGE