# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RAY CAPPS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CIOLLI,<br><br>　　　　Respondent. | Case No. 1:20-cv-00766-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 44) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 25, 26).

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1.)[1] Petitioner was found guilty of possession with intent to distribute fifty grams or more of methamphetamine and was sentenced to a mandatory term of life in prison under 21 U.S.C. § 841(b)(1)(A)(viii). United States v. Capps, 716 F.3d 494, 495–96 (8th Cir. 2013). On June 11, 2013, the Eighth Circuit affirmed the judgment. United States v. Capps, 716 F.3d 494, 496 (8th Cir. 2013).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1    On October 9, 2014, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Missouri. Motion, Capps v. United States, No. 1:14-cv-00144-AGF (E.D. Mo. Oct. 9, 2014), ECF No. 1.[2] On November 23, 2015, an evidentiary hearing was held. Minutes, Capps, No. 1:14-cv-00144-AGF (E.D. Mo. Nov. 23, 2015), ECF No. 26. On March 15, 2018, the district court denied Petitioner's § 2255 motion. Capps v. United States, No. 1:14-cv-00144-AGF, 2018 WL 1335093 (E.D. Mo. Mar. 15, 2018).

On June 2, 2020, Petitioner filed the instant petition for writ of habeas corpus, asserting that his prior Missouri drug convictions are not qualifying predicates for § 851 enhancement under Mathis v. United States, 136 S. Ct. 2243 (2016), and Descamps v. United States, 570 U.S. 254 (2013). (ECF No. 1.) Respondent filed a motion to dismiss, arguing that Petitioner's claims may not be raised under § 2241 and no escape hatch exception applies. (ECF No. 10.) On September 2, 2021, the Court denied the motion to dismiss. (ECF No. 22.)

Respondent then moved to stay the proceedings pending adjudication of Petitioner's 18 U.S.C. § 3582 motion for compassionate release by the United States District Court for the Eastern District of Missouri. (ECF No. 28.) On December 21, 2021, the Court granted the stay because both the § 2241 petition before this Court and Petitioner's supplemental authority in support of his 18 U.S.C. § 3582 motion for compassionate release filed in the sentencing court raise similar issues regarding whether Petitioner's prior state convictions qualify for enhanced sentencing. (ECF No. 29.)

On March 31, 2023, the Court lifted the stay. (ECF No. 41.) On July 6, 2023, Respondent filed the instant motion to dismiss in light of the Supreme Court's recent decision in Jones v. Hendrix, 143 S. Ct. 1857 (2023). (ECF No. 44.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

///

---

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the sentencing court.

The Supreme Court recently held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's

1  restrictions on second or successive § 2255 motions by filing a § 2241 petition," declaring that
2  "[t]he inability of a prisoner with a statutory claim to satisfy those conditions [required to bring a
3  second or successive § 2255 motion] does not mean that he can bring his claim in a habeas
4  petition under the saving clause. It means that he cannot bring it at all." Jones v. Hendrix, 143 S.
5  Ct. 1857, 1864, 1869 (2023).[3]

Here, Petitioner raises a claim of actual innocence, asserting that his prior Missouri drug convictions are not qualifying predicates for § 851 enhancement under Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 579 U.S. 500 (2016). (ECF No. 1.) Descamps concerned the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and "whether sentencing courts may also consult th[e] additional documents [used in the modified categorical approach] when a defendant was convicted under an 'indivisible' statute—*i.e.*, one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense." Descamps, 570 U.S. at 257, 258. Mathis concerned "a different kind of alternatively phrased law: not one that lists multiple elements disjunctively, but instead one that enumerates various factual means of committing a single element" and "whether ACCA treats this kind of statute as it does all others, imposing a sentence enhancement only if the state crime's elements correspond to those of a generic offense—or instead whether the Act makes an exception for such a law, so that a sentence can be enhanced when one of the statute's specified means creates a match with the generic offense, even though the broader element would not." 579 U.S. at 506–07. In light of Jones, the Court finds that Petitioner cannot bring his statutory Descamps and Mathis claims in a § 2241 petition. Accordingly, this Court lacks jurisdiction over the petition, and the petition should be dismissed.

**B. Certificate of Appealability**

The Court now turns to whether a certificate of appealability ("COA") should issue. See Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought

---

[3] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

### III.

### ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 44) is GRANTED;
2. The petition for writ of habeas corpus be DISMISSED for lack of jurisdiction;
3. The Clerk of Court is DIRECTED to CLOSE THE CASE; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 18, 2023**

UNITED STATES MAGISTRATE JUDGE