# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RAY CAPPS,<br><br>    Petitioner,<br><br>    v.<br><br>CIOLLI,<br><br>    Respondent. | Case No. 1:20-cv-00766-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 47) |

Petitioner is a federal prisoner who proceeded pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 25, 26, 27.)

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1.)[1] Petitioner was found guilty of possession with intent to distribute fifty grams or more of methamphetamine and was sentenced to a mandatory term of life in prison under 21 U.S.C. § 841(b)(1)(A)(viii). United States v. Capps, 716 F.3d 494, 495–96 (8th Cir. 2013). On June 11, 2013, the Eighth Circuit affirmed the judgment. Id. at 496.

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On October 9, 2014, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Missouri. Motion, Capps v. United States, No. 1:14-cv-00144-AGF (E.D. Mo. Oct. 9, 2014), ECF No. 1.[2] On November 23, 2015, an evidentiary hearing was held. Minutes, Capps, No. 1:14-cv-00144-AGF (E.D. Mo. Nov. 23, 2015), ECF No. 26. On March 15, 2018, the sentencing court denied Petitioner's § 2255 motion. Capps v. United States, No. 1:14-cv-00144-AGF, 2018 WL 1335093 (E.D. Mo. Mar. 15, 2018).

On June 2, 2020, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241, asserting that his prior Missouri drug convictions are not qualifying predicates for § 851 enhancement under Mathis v. United States, 579 U.S. 500 (2016), and Descamps v. United States, 570 U.S. 254 (2013). (ECF No. 1.) Respondent filed a motion to dismiss, arguing that the claims may not be raised under § 2241 and the escape hatch does not apply. (ECF No. 10.) On September 2, 2021, the Court denied the motion to dismiss. (ECF No. 22.)

Respondent then moved to stay the proceedings pending adjudication of Petitioner's 18 U.S.C. § 3582 motion for compassionate release by the United States District Court for the Eastern District of Missouri. (ECF No. 28.) On December 21, 2021, the Court granted the stay. (ECF No. 29.) On March 31, 2023, the Court lifted the stay. (ECF No. 41.) On July 6, 2023, Respondent filed a motion to dismiss in light of the Supreme Court's recent decision in Jones v. Hendrix, 599 U.S. 465 (2023). (ECF No. 44.) On August 18, 2023, the Court granted the motion to dismiss and dismissed the petition. (ECF No. 45.) On September 18, 2023, the Court received the instant motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(1)–(6), and 65. (ECF No. 47.) To date, no opposition or statement of non-opposition to the motion has been filed, and the time for doing so has passed.

///

---

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

## II.

## DISCUSSION

**A. Motion to Alter or Amend Judgment**

Petitioner has moved to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1)–(6). (ECF No. 47.) The Ninth Circuit has recognized that altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Supreme Court has held "that a 'mistake' under Rule 60(b)(1) includes a judge's errors of law." Kemp v. United States, 142 S. Ct. 1856, 1861–62 (2022). "Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Id. at 1861. For a party to

3

1  be entitled to relief under Rule 60(b)(6), he must show "'extraordinary circumstances' justifying
2  the reopening of a final judgment," and "[s]uch circumstances will rarely occur in the habeas
3  context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citations omitted). Rule 60(b)(6) "is to
4  be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only
5  where extraordinary circumstances prevented a party from taking timely action to prevent or
6  correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citations
7  omitted).

8        "A motion to alter or amend a judgment must be filed no later than 28 days after the entry
9  of judgment." Fed. R. Civ. P. 59(e). Here, the judgment was entered on August 18, 2023, and the
10 28-day deadline imposed by Rule 59(e) expired on September 15, 2023. The Court received the
11 motion to alter or amend the judgment on September 18, 2023. Although pursuant to the mailbox
12 rule, a pro se prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered
13 . . . to the prison authorities for forwarding to the court clerk," Hernandez v. Spearman, 764 F.3d
14 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting
15 Houston v. Lack, 487 U.S. 266, 276 (1988)), the motion itself is not dated and Petitioner left the
16 date blank in the certificate of mailing, (ECF No. 47 at 17.) Therefore, it is unclear whether
17 Petitioner delivered the motion to the prison authorities on or before September 15, 2023. A
18 motion for reconsideration is treated as a motion under Federal Rule of Civil Procedure 59(e) if it
19 is filed timely under that rule and as a motion under Federal Rule of Civil Procedure 60(b)
20 otherwise. See Moore v. Mortg. Elec. Registration Sys., Inc., 650 F. App'x 406, 407 n.1 (9th Cir.
21 2016); Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898–99 (9th Cir.
22 2001). Regardless, the Court finds that under the standards of either Rule 59 or 60, Petitioner is
23 not entitled to relief.

24       In the motion to alter or amend the judgment, Petitioner contends that

25     HE IS ACTUALLY, FACTUALLY, AND LEGALLY INNOCENT OF BOTH
        HIS CONVICTION AND SENTENCE . . . for the express reason that Petitioner
26     has been convicted and sentenced for a non-existing offense of: Possession
        Methamphetamine with the Intent to Distribute ONLY to himself. Because no
27     other persons {known or unknown} were charged with Petitioner in the Grand
        Jury Indictment, or was ever proven by the government that Petitioner possessed
28     methamphetamine and Intended to Distribute to them, and Did Distribute to

them[.] . . . Moreover, the petit jury DID NOT return "a general or special verdict" finding these "facts".

(ECF No. 47 at 3 (capitalization in original).) Petitioner argues that "it was the jury's DUTY AND JURISDICTION to determine the mandatory minimum and maximum of Petitioner's sentence[.]" (Id. at 10 (capitalization in original).) The Court notes that Petitioner did not raise these claims regarding intent to distribute and the jury's lack of findings in his § 2241 petition. As these claims were not previously presented to the Court, the Court finds that they are not grounds warranting post-judgment relief. See Kona, 229 F.3d at 890 ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Petitioner also asserts that Jones v. Hendrix, 599 U.S. 465 (2023), does not apply to the issues set forth in his § 2241 petition. (ECF No. 47 at 1.) Petitioner argues that Jones is inapplicable because

> Petitioner is not challenging a NEW RULE OF LAW. To the contrary, Petitioner challenges his actual and factual and legal innocence upon several old rules of law--which the federal convicting and sentencing courts did not follow at the time Petitioner was convicted, sentenced, appealed, or within any 28 USC 2255 HABEAS CORPUS SENTENCING PROCEEDINGS. These Old precedential authorities which were binding upon the federal Eighth Circuit's Jurisdiction were as follows . . . Taylor v. U.S., 495 U.S. 575, 599-600, 109 L.Ed.2d 607 (1990)-- which was clarified by both Mathis v. U.S., 579 U.S. 500 (2016) and Descamps v. U.S., 570 U.S. 254 (2013)--they were not new rules of law which could only be challenged under the Jones v. Hendrix standard.

(ECF No. 47 at 5 (capitalization in original).)

In Jones, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition," declaring that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions [required to bring a second or successive § 2255 motion] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Jones, 599 U.S. at 471, 480.

///

1    A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner 2 "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at 3 presenting that claim."[3] Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citing Ivy v. 4 Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003)). For the second requirement, the Court considers 5 "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his 6 direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to 7 petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 8 2008) (quoting Ivy, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material 9 change in the applicable law' to establish unavailability." Alaimalo v. United States, 645 F.3d 10 1042, 1047 (9th Cir. 2011) (quoting Harrison, 519 F.3d at 960). That is, an intervening court 11 decision must "constitute[] a change in the law creating a previously unavailable legal basis for 12 petitioner's claim." Harrison, 519 F.3d at 961 (citing Ivy, 328 F.3d at 1060). If, as Petitioner now 13 argues,[4] his actual innocence claim is based on "[o]ld precedential authorities which were 14 binding upon the federal Eighth Circuit[,]" such as Taylor v. United States, 495 U.S. 575 (1990), 15 and he in fact "challenges his actual and factual and legal innocence upon several old rules of 16 law--which the federal convicting and sentencing courts did not follow at the time Petitioner was 17 convicted, sentenced, appealed, or within any 28 USC 2255" proceedings, (ECF No. 47 at 5), 18 then Petitioner could have raised his actual innocence claim on direct appeal and his first § 2255 19 motion, and thus, he had an unobstructed procedural shot at presenting his claim.

20    Petitioner cannot argue that his actual innocence claim is based on old precedent to 21 circumvent Jones while simultaneously asserting that he did not have an unobstructed procedural 22 shot at presenting his claim that is based on an "intervening court decision . . . 'effect[ing] a 23 material change in the applicable law.'" Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d 24 at 960). If Petitioner's actual innocence claim is based on old precedent, as Petitioner now

---

[3] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). With respect to claims that are not based on an intervening change in statutory interpretation governed by Jones, it is unclear to what extent, if at all, this test has been abrogated by Jones.

[4] In contrast, the § 2241 petition states that Petitioner's actual innocence "claim did not arise until after Capps exhausted his direct appeal and 2255 motion because Mathis was unavailable." (ECF No. 1 at 6.)

1  argues, then Petitioner "cannot establish that he 'has not had an unobstructed procedural shot' at
2  presenting his claim" on direct appeal and in his first § 2255 motion and cannot proceed pursuant
3  to the escape hatch. Harrison, 519 F.3d at 961 (citation omitted). See Ivy, 328 F.3d at 1060 ("In
4  other words, it is not enough that the petitioner is presently barred from raising his claim of
5  innocence by motion under § 2255. *He must never have had the opportunity to raise it by*
6  *motion*." (emphasis added)). If Petitioner's actual innocence claim is based on an intervening
7  change in statutory interpretation, as asserted in the § 2241 petition, (ECF No. 1 at 6), and
8  previously found by this Court in denying Respondent's motion to dismiss, (ECF No. 17 at 7–
9  13), such a claim cannot be brought under 28 U.S.C. § 2241 in light of Jones. See Jones, 599
10 U.S. at 471 ("§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening
11 change in statutory interpretation to circumvent AEDPA's restrictions on second or successive
12 § 2255 motions by filing a § 2241 petition"). Regardless of whether Petitioner's actual innocence
13 claim is based on an intervening change in statutory interpretation or old precedent, such a claim
14 cannot proceed pursuant to the escape hatch. Based on the foregoing, Petitioner has not
15 demonstrated any error of law entitling him to relief pursuant to either Rule 59 or 60, and the
16 Court will deny Petitioner's motion to amend or alter the judgment.

17 **B. All Writs Act**

18 Petitioner also asserts that he is entitled to relief pursuant to the All Writs Act. In support
19 of this argument, Petitioner cites and urges the Court to follow Kessack v. United States, 2008
20 WL 189679, 2008 U.S. Dist. LEXIS 7739 (W.D. Wash. Jan. 18, 2008). (ECF No. 47 at 13.) The
21 All Writs Act provides that "all courts established by Act of Congress may issue all writs
22 necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and
23 principles of law." 28 U.S.C. § 1651 (emphasis added). The "express terms of the All Writs Act
24 confine a court 'to issuing process "in aid of" its existing statutory jurisdiction; the Act does not
25 enlarge that jurisdiction.'" Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) (quoting
26 Clinton v. Goldsmith, 526 U.S. 529, 534–35 (1999)). See also Jackson v. Vasquez, 1 F.3d 885,
27 889 (9th Cir. 1993) ("The All Writs Act is not a grant of plenary power to the federal courts.
28 Rather, it is designed to aid the courts in the exercise of their jurisdiction. An order is not

1  authorized under the Act unless it is designed to preserve jurisdiction that the court has acquired
2  from some other independent source in law." (quotation marks and citation omitted)). As set
3  forth above and in the order dismissing the petition, (ECF No. 45), this Court does not have
4  jurisdiction over Petitioner's actual innocence claim. Accordingly, the Court cannot provide
5  relief to Petitioner pursuant to the All Writs Act.

6  Further, the Ninth Circuit has previously rejected a petitioner's "reliance on *Kessack* [as]
7  misplaced" because "[i]t is contrary to the law of this Circuit." United States v. Gamboa, 608
8  F.3d 492, 495 (9th Cir. 2010). Kessack involved a writ of audita querela,[5] which "is not an
9  available remedy where the claims raised would be cognizable in a § 2255 habeas petition" and
10 cannot be used to circumvent AEDPA's limits on second or successive habeas petitions.
11 Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (citing United States v. Valdez-
12 Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001)).

13  **C. Certificate of Appealability**

14  The Court now turns to whether a certificate of appealability ("COA") should issue. A
15 petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's
16 denial of relief, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell,
17 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. In United States v. Winkles, 795 F.3d 1134 (9th
18 Cir. 2015), the Ninth Circuit held that a certificate of appealability "is required to appeal the
19 denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255
20 motion." 795 F.3d at 1142. If a court denies a Rule 60(b) motion in a § 2255 proceeding, a
21 certificate of appealability should only issue if "(1) jurists of reason would find it debatable
22 whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of
23 reason would find it debatable whether the underlying section 2255 motion states a valid claim
24 of the denial of a constitutional right." Winkles, 795 F.3d at 1143. Given that "[w]here a petition
25 purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot

---

[5] "*Audita querela,* literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (citing Doe v. INS, 120 F.3d 200, 203 n.4 (9th Cir. 1997)).

appeal from the denial of that petition without a COA," Harrison, 519 F.3d at 958, the Court applies the standard set forth in Winkles to determine whether a certificate of appealability should issue regarding the denial of Petitioner's Rule 59 and 60(b) motion following the dismissal of his § 2241 petition. See Snow v. Jusino, No. 22-55319, 2023 WL 2733545, at *1 (9th Cir. Feb. 21, 2023) (citing to Winkles in denying a request for a certificate of appealability in an appeal from the denial of petitioner's post-judgment motions for reconsideration following the dismissal of his § 2241 petition).

Here, the Court finds that jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 59 and 60(b) motion. Accordingly, Petitioner is not entitled to a certificate of appealability under Winkles.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to alter or amend the judgment (ECF No. 47) is DENIED; and
2. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **November 9, 2023**

UNITED STATES MAGISTRATE JUDGE